788 A.2d 345 (2002)
James McCUTCHEON and Geraldine McCutcheon, Appellants,
v.
PHILADELPHIA ELECTRIC COMPANY, Robert E. Lamb, Inc., DNB Mechanical Systems, Inc. and Sutch Construction Co., Inc., Appellees.
Appeal of Robert E. Lamb, Inc.
Appeal of DNB Mechanical Systems, Inc.
Supreme Court of Pennsylvania.
Argued October 15, 2001.
Decided January 22, 2002.
Jonathan F. Ball, Philadelphia, for D.N.B. Mechanical Systems, Inc., 34 EAP 2000.
Henry Clinton, Eugene Hamill, Philadelphia, Thomas Finorelli, for Philadelphia Electric Company, 34 EAP 2000.
Mary Beth Bogan, Philadelphia, for Robert E. Lamb, Inc., 34 EAP 2000.
Frank D. Branella, Philadelphia, for Geraldine McCutcheon, 34 EAP 2000.
Frank D. Branella, Philadelphia, for James McCutcheon, 34 EAP 2000.
Mary Elizabeth Bogan, Philadelphia, for Robert E. Lamb, Inc., 35 EAP 2000.
J.L. Sutch Inc., for J.L. Sutch Construction Company, Inc., 35 EAP 2000.
Jonathan F. Ball, Philadelphia, for D.N.B. Mechanical Systems, Inc., 35 EAP 2000.
Henry Clinton, Philadelphia, for Philadelphia Electric Company, 35 EAP 2000.
Frank D. Branella, Philadelphia, for Geraldine McCutcheon, 35 EAP 2000.
Frank D. Branella, Philadelphia, for James McCutcheon, 35 EAP 2000.
Frank D. Branella, Philadelphia, for Geraldine McCutcheon, 36 EAP 2000.
*346 Frank D. Branella, Philadelphia, for James McCutcheon, 36 EAP 2000.
J.L. Sutch Inc., for J.L. Sutch Construction Company, Inc., 36 EAP 2000.
Jonathan F. Ball, Philadelphia, for D.N.B. Mechanical Systems, Inc., 36 EAP 2000.
Henry Clinton, Philadelphia, for Philadelphia Electric Company, 36 EAP 2000.
Mary Elizabeth Bogan, Philadelphia, for Robert E. Lamb, Inc., 36 EAP 2000.
Mary Elizabeth Bogan, Philadelphia, for Robert E. Lamb, Inc., 37 EAP 2000.
J.L. Sutch Inc., for J.L. Sutch Construction Company, Inc., 37 EAP 2000.
Jonathan F. Ball, Philadelphia, for D.N.B. Mechanical Systems, Inc., 37 EAP 2000.
Henry Clinton, Philadelphia, for Philadelphia Electric Company, 37 EAP 2000.
Frank D. Branella, Philadelphia, for Geraldine McCutcheon, 37 EAP 2000.
Frank D. Branella, Philadelphia, for James McCutcheon, 37 EAP 2000.
Frank D. Branella, Philadelphia, for James McCutcheon, 38 EAP 2000.
J.L. Sutch Inc., for J.L. Sutch Construction Company, Inc., 38 EAP 2000.
Jonathan F. Ball, Philadelphia, for D.N.B. Mechanical Systems, Inc., 38 EAP 2000.
Henry Clinton, Philadelphia, for Philadelphia Electric Company, 38 EAP 2000.
Mary Elizabeth Bogan, Philadelphia, for Robert E. Lamb, Inc., 38 EAP 2000.
Mary Elizabeth Bogan, Philadelphia, for Robert E. Lamb, Inc., 39 EAP 2000.
J.L. Sutch Inc., for J.L. Sutch Construction Company, Inc., 39 EAP 2000.
Jonathan F. Ball, Philadelphia, for D.N.B. Mechanical Systems, Inc., 39 EAP 2000.
Henry Clinton, Philadelphia, for Philadelphia Electric Company, 39 EAP 2000.
Frank D. Branella, Philadelphia, for James McCutcheon, 39 EAP 2000.
Frank D. Branella, Philadelphia, for James McCutcheon, 40 EAP 2000.
Jonathan F. Ball, Philadelphia, for D.N.B. Mechanical Systems, Inc., 40 EAP 2000.
Henry Clinton, Philadelphia, for Philadelphia Electric Company, 40 EAP 2000.
Mary Elizabeth Bogan, Philadelphia, for Robert E. Lamb, Inc., 40 EAP 2000.
Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN AND SAYLOR, JJ.

OPINION
CAPPY, Justice.
We granted allocatur in this case to review the Superior Court's failure to address two issues that the Appellants/Cross Appellees, Robert E. Lamb, Inc. ("Lamb") and D.N.B. Mechanical Systems, Inc. ("DNB"), raised on appeal, and the Superior Court's decision to overturn the award of delay damages made to the Cross Appellant, Geraldine McCutcheon. We have determined, however, that the trial court's order which the parties appealed to the Superior Court is not a final order within the meaning of Pa.R.A.P. 341. Therefore, the Superior Court did not have appellate jurisdiction pursuant to 42 Pa.C.S. § 742, and the order it issued is void. As a consequence, this court is also without jurisdiction, there being no final order from the Superior Court, as 42 Pa.C.S. § 724 requires. Accordingly, the Superior Court's order must be vacated and this appeal must be quashed.
*347 The relevant facts and procedural history are as follows. The Appellee, Philadelphia Electric Co. ("PECO"), hired Lamb as a general contractor to build an addition to the Training Center at the Limerick Nuclear Power Plant. PECO and Lamb entered into a contract in which Lamb agreed, inter alia, to indemnify PECO against all claims and liability arising out of Lamb's acts or omissions and those of its subcontractors, in connection with the addition, irrespective of whether PECO was concurrently negligent. Under the contract's indemnity provision, Lamb was not obligated to cover claims caused by PECO's sole negligence or willful misconduct.
A forced main sewer line connecting the addition to the power plant's existing sewer lines was needed. Lamb subcontracted with DNB to construct needed plumbing and DNB subcontracted with Sutch Construction Co. ("Sutch") for excavation. On May 21, 1992, James McCutcheon, a heavy equipment operator employed by United Engineers and Catalytic, an independent contractor on a separate project at the power plant, fell on a concrete slab that covered a sewer pipe and suffered bodily injuries.
On July 26, 1993, James McCutcheon and his wife, Geraldine McCutcheon, (collectively, the "McCutcheons"), filed a complaint in negligence against PECO. Later, on July 19, 1995, they filed an amended complaint to include Lamb, DNB and Sutch as defendants. In their amended complaint, the McCutcheons alleged that the defendants were negligent in permitting a dangerous and defective condition to exist on the power plant property.
Lamb, DNB and Sutch raised the statute of limitations as a defense. In an Answer With New Matter To Plaintiffs' Complaint And Crossclaims Pursuant To Pa.R.Civ.P. 2252(d), PECO asserted cross-claims against its co-defendants, alleging that Lamb, DNB and/or Sutch "are solely liable to the plaintiffs, and/or are jointly or severally liable to the plaintiffs and/or liable to answering defendant [PECO] by way of indemnification and/or contribution." (R. 1635a).
The parties proceeded to trial before the Honorable Paul J. Ribner.[1] At the outset, PECO informed the trial court of its cross-claims for contribution and indemnification, specifically referring to the cross-claim for indemnity it had alleged against Lamb based on the parties' contract. Viewing PECO's contractual indemnity cross-claim as a matter of law which raised a question of contract interpretation for the court to decide, the trial court determined that the cross-claim would be argued orally following the jury's verdict and that the verdict would be molded appropriately.
The jury returned a verdict in favor of James McCutcheon for the injuries he sustained and in favor of Geraldine McCutcheon for loss of consortium, and against all of the defendants severally and jointly. The jury found PECO 48% negligent, Lamb, 42% negligent, DNB 9% negligent, and Sutch, 1% negligent. The jury also found that James McCutcheon was negligent, but declined to find that his negligence was a contributing cause of his injuries.
After dismissing the jury, Judge Ribner informed the parties that he was about to retire from the bench and that he would not be presiding over post-trial matters. PECO's counsel reminded the trial court of PECO's contractual claim for indemnification. When asked whether proceedings on the cross-claim were needed immediately, *348 PECO's counsel stated that they were not. The trial court advised the parties to pursue all outstanding issues by filing the appropriate motions.
The McCutcheons filed a motion for delay damages. PECO, Lamb and DNB filed post-trial motions and responses opposing the McCutcheons' delay damages request. Based on its contract with Lamb, PECO filed a Motion for Summary Judgment on Crossclaim for Indemnification.[2]
By order dated March 9, 1999, the trial court denied PECO's, Lamb's and DNB's motions for post trial relief; awarded delay damages to both the McCutcheons; and denied PECO's Motion for Summary Judgment on Crossclaim for Indemnification. As to the latter, the trial court concluded that summary judgment was improper because there exist genuine issues of material fact regarding the interpretation of the indemnity provision in the parties' contract. On March 11, 1999, judgment was entered on the verdict.
PECO, Lamb, and DNB appealed to the Superior Court from the trial court's March 9, 1999 order.
In their respective appeals, Lamb and DNB contended that the trial court erred in denying them post-trial relief based on the statute of limitations. In an unpublished memorandum opinion, the Superior Court agreed, concluding that the trial court mistakenly applied the concealment doctrine to toll the statute. Accordingly, the court ruled that the McCutcheons' claims against Lamb and DNB were time-barred, and held that the trial court erred in not dismissing Lamb and DNB from the McCutcheons' action.
At the same time the Superior Court determined that the McCutcheons' claims against Lamb and DNB were time-barred, the court observed that the bar had no effect on PECO's right to enforce claims for contribution and indemnification against its co-defendants. In this regard, the Superior Court discussed the "separate proceedings" it believed PECO had already initiated to collect for contribution and/or indemnification from Lamb and DNB and announced its intention to quash as interlocutory that portion of PECO's appeal which raised the trial court's denial of its motion for summary judgment on the claim for indemnity it had asserted against Lamb in the "separate action". (Superior Court's Memorandum Opinion at p. 6 n. 2.)[3]
Based on its statute of limitations ruling, the Superior Court declined to address the other issues Lamb and DNB had raised, *349 which included whether they owed a duty of care to James McCutcheon because they did not control the area where he fell, and whether the evidence was sufficient to support the jury's verdict apportioning fault against them.
Last, the Superior Court turned to the matter of delay damages. The court concluded that since the statute of limitations prevented the McCutcheons from directly suing Lamb and DNB, delay damages could not be levied against them. The court also stated that if PECO continued to maintain its action for contribution and indemnity against Lamb and DNB, PECO may seek compensation for having paid their portion of the delay damages award. The court then applied our decision in Anchorstar v. Mack Trucks, 533 Pa. 177, 620 A.2d 1120 (1993), which stands for the proposition that delay damages are unavailable on a loss of consortium claim, and held that the trial court erred in awarding delay damages to Geraldine McCutcheon.[4]
By order dated December 6, 1999, the Superior Court remanded the case to the trial court.
Lamb and DNB filed Petitions for Allowance of Appeal with this court, asking that we review, inter alia, the Superior Court's failure to address the duty and sufficiency of the evidence issues they had raised. Lamb and DNB contended that the Superior Court's failure to address these matters, which have a direct bearing on the continued viability on the cross-claims for contribution and indemnification that PECO has against them, was erroneous because it denied them the greatest, available relief. The McCutcheons filed a Cross Petition for Allowance of Appeal, asking, inter alia, that we review whether the Superior Court raised Geraldine McCutcheon's entitlement to delay damages sua sponte. We granted allocatur on these issues.[5]
Before addressing the merits, however, we must determine whether this appeal is properly before us. A court's jurisdiction is a threshold issue that the court may consider of its own motion and at any time. Fried v. Fried, 509 Pa. 89, 501 A.2d 211, 212-13 (1985); In re Patterson's Estate, 341 Pa. 177, 19 A.2d 165, 166 (Pa. 1941).
In this Commonwealth, there are few legal principles as well settled as that an appeal lies only from a final order, unless otherwise permitted by rule or by statute. Fried, 501 A.2d at 213.[6] In relevant part, 42 Pa.C.S. § 742, which controls the Superior Court's jurisdiction, states that "[t]he Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas....." Likewise, as to this court's jurisdiction, *350 42 Pa.C.S. § 724 provides that "final orders .... of the Superior Court....may be reviewed by the Supreme Court upon allowance of appeal...."
In light of these dictates, the question we must answer is whether the trial court's March 9, 1999 order, from which the parties appealed to the Superior Court, is a final order.
Pa.R.A.P. 341 defines a "final order" in clear and unambiguous terms. In relevant part, Rule 341 provides that "[a] final order is any order that: (1) disposes of all claims and of all parties. ...."[7] Pa. R.A.P. 341(b)(1). In other words, an order satisfies the Rule's definition if it ends the litigation as to all claims and as to all parties. Note to Pa.R.A.P. 341.
Applying the terms of Rule 341(b)(1) to the trial court's March 9, 1999 order, we observe that in addition to denying PECO's, Lamb's and DNB's post-trial motions and awarding the McCutcheons delay damages, the order denied PECO's motion for summary judgment on the cross-claim for indemnification PECO has against Lamb. By denying PECO's motion for summary judgment, and thereby leaving for further litigation a cross-claim between co-defendants, it is not open to question that the order did not "dispose of all claims and of all parties" as Pa.R.A.P. 341(b)(1) mandates. Thus, we conclude that the trial court's March 9, 1999 order is not a final order within the meaning of the Rule.[8]
Since there was no "final order of the court of common pleas", we also conclude that the Superior Court did not have jurisdiction under 42 Pa.C.S. § 742. As a consequence, the adjudication and December 6, 1999 order the Superior Court issued in this case are void. In re Patterson's Estate, 19 A.2d at 166 (reiterating the rule that an adjudication of a court which does not have jurisdiction is void and without legal effect.) Further, inasmuch as there is no "final order of the Superior Court", *351 we find that the terms of this court's jurisdictional statute, 42 Pa.C.S. § 724, are not met. We, therefore, lastly conclude that this court does not have jurisdiction over the present appeal.
Accordingly, the Superior Court's December 6, 1999 order is vacated; the present appeal is quashed; the judgment entered on the verdict in the trial court is vacated; and this matter is remanded to the trial court for proceedings consistent with this opinion.
Former Chief Justice FLAHERTY did not participate in the decision of this case.
NOTES
[1] Prior to trial, the McCutcheons secured a default judgment against Sutch.
[2] The Honorable Sandra Mazer Moss presided over post-trial proceedings.
[3] The Superior Court was correct in stating that PECO has commenced a separate action. On July 14, 2000, PECO filed a multi-count complaint in the Court of Common Pleas of Philadelphia County against Lamb, DNB and their insurers at PECO Energy Co. v. Continental Casualty Co. et al., No. 1658, July Term 2000, alleging that its liability to the McCutcheons is covered under the insurance policies Lamb and DNB promised to secure in connection with the power plant project, and if it is not, Lamb and DNB breached their contractual obligation to secure such coverage for PECO.

The Superior Court incorrectly stated that the case at PECO Energy Co. v. Continental Casualty Co. et al. involves PECO's claims against Lamb and DNB for contribution and/or indemnification. As noted, PECO's claims for contribution and/or indemnification against Lamb and DNB were asserted in the Answer With New Matter To Plaintiffs' Complaint And Crossclaims Pursuant to Pa. R.Civ.P. 2252(d) which PECO filed in the present action. Moreover, it is in the present action that PECO's motion for summary judgment on its indemnification cross-claim against Lamb was denied by the trial court, not the "separate action", to which the Superior Court referred.
[4] In its Superior Court appeal, PECO contended that the trial court erred in denying it a judgment notwithstanding the verdict because it did not owe James McCutcheon a duty of care, having temporarily delivered possession of its property to his independent contractor employer. The Superior Court disagreed, concluding that James McCutcheon's employer never had complete control over the area where the injury occurred. The Superior Court also rejected PECO's argument that the jury's verdict was inconsistent and its challenge to one of the trial court's evidentiary rulings.
[5] PECO filed a Cross Petition for Allowance of Appeal, which this court denied.
[6] In addition to appeals from final orders, the Pennsylvania Rules of Appellate Procedure provide for the following: interlocutory appeals that may be taken as of right, Pa.R.A.P. 311; interlocutory appeals that may be taken by permission, Pa.R.A.P.312; appeals that may be taken from a collateral order, Pa. R.A.P. 313; and appeals that may be taken from certain distribution orders by the Orphans' Court Division, Pa.R.A.P. 342. None of these Rules have bearing on this appeal.
[7] Pa.R.A.P. 341 also provides that a "final order" is "any order that is expressly defined as a final order by statute" or as "any order entered as a final order pursuant to subsection (c) of this rule." Pa.R.A.P.(b)(2), (3). Subsection (c) of Pa.R.A.P. 341 pertains to the trial court's authority in a multi-party or multi-claim action to enter an order as final as to one or more, but fewer than all of the claims and parties presented, upon a party's application and upon finding that an immediate appeal would facilitate resolution of the entire case. Neither of these alternative definitions of a final order are applicable.
[8] PECO used the terms "severance", "bifurcation" or "deferring resolution" to describe the action Judge Ribner took in regard to its cross-claim prior to the start of trial. We point this out because had the trial court ordered a severance of PECO's cross-claim, as authorized by Pa.R.C.P. 213(b), a different analysis would be in order. In Stevenson v. General Motors Corp., 513 Pa. 411, 521 A.2d 413, 419-420 (1987), this court held that because a finding of liability in a bifurcated proceeding does not take on the characteristics of a judgment or final order, a trial court may grant post-trial relief in the form of a new trial on both liability and damages based on evidence introduced in the damages phase of that proceeding. Id. at 419. In doing so, we compared bifurcation and severance and stated: While "the two phases [of a bifurcated trial] are viewed as two halves of a single proceeding," id. at 419, "`a severance of actions effects a splitting of them into one or more independent actions for all purposes, including trial and appellate procedure.'". Id. at 417 (quoting Kaiser v. Meinzer, 272 Pa.Super. 207, 414 A.2d 1080, 1085 (1979)).

Despite PECO's reference to severance, we need not concern ourselves with the principles Stevenson announced. Our review of the record reveals that the trial court did not sever PECO's cross-claim from the other claims in this case. The trial court's language and the manner by which it decided the cross-claim would proceed did not split the cross-claim from the other claims into an independent action for all purposes.