J-S53016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL GLEESON | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| B. ZIPAY CONTRATORS, INC. | |
| MICHAEL GLEESON | |
| v. | |
| BERNARD ZIPAY AND KATHLEEN ZIPAY | |
| APPEAL OF:  MICHAEL GLEESON | No. 2066 MDA 2014 |

Appeal from the Order Entered November 5, 2014
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2008 CIV 3328
2009 CIV 2207

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

JUDGMENT ORDER BY OTT, J.:          **FILED SEPTEMBER 09, 2015**

Michael Gleeson appeals from the order entered on November 5, 2014, in the Court of Common Pleas of Lackawanna County denying his petition for leave to file a certificate of readiness.  Following a thorough review of the submissions by the parties, certified record and relevant law, we quash the appeal.

By agreement the underlying matter was submitted to arbitration. On December 6, 2013, the arbitrator granted defendants' (Zipay Contractors, Inc. and Bernard and Kathleen Zipay, hereinafter "Zipay") motion for

summary judgment. Gleeson did not appeal this decision. On July 3, 2014, Gleeson filed a petition for leave to file a certificate of readiness. The trial court determined the arbitrator had already granted summary judgment and on November 5, 2014, denied the petition. The instant appeal was filed on December 3, 2014.

The order appealed from is not a final and appealable order. **See** Pa.R.A.P. 341(b)(1).[1] As determined by the trial court, the final and appealable order was the arbitrator's order granting summary judgment in favor of Zipay. An appeal lies only from a final order unless otherwise permitted by rule or statute. **See McCutcheon v. Philadelphia Electric Co.**, 788 A.2d 345 (Pa. 2002). In essence, Gleeson is seeking to resurrect his expired appellate rights through the denial of a subsequent, non-appealable order.

Accordingly, the November 5, 2014 order denying Gleeson permission to file a certificate of readiness is an improper appeal from a non-appealable order.

---

[1] "A final order is any order that disposes of all claims and all parties." Pa.R.A.P. 341(b)(1).

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/9/2015