J-S44022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
JOHNNIE J. MICKELL, JR.   :
  :
Appellant   :   No. 772 MDA 2020

Appeal from the Order Entered May 6, 2020
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-MD-0000415-2020

BEFORE: BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:        **FILED OCTOBER 20, 2020**

Appellant Johnnie J. Mickell, Jr. appeals *pro se* from the order dismissing as moot his motion to dismiss a contempt petition. For the reasons that follow, we quash.

Briefly, on April 15, 2020, the Adams County Clerk of Courts filed a contempt petition against Appellant for his alleged failure to pay fines, costs, and restitution for his criminal conviction. The trial court scheduled a contempt hearing for May 5, 2020. On April 24, 2020, the Adams County Court of Common Pleas issued a supervisory order that cancelled all scheduled contempt hearings and vacated all pending contempt petitions for nonpayment in light of the COVID-19 pandemic.

On May 5, 2020, Appellant filed a motion to dismiss the contempt petition. The trial court issued an order dismissing Appellant's motion as moot. The trial court also noted that Appellant's outstanding balance for the

court fees had been reduced to zero, that his new payment plan would commence on June 5, 2020, and that Appellant could request a hearing regarding his ability to pay pursuant to Pa.R.Crim.P. 706.

Appellant filed a timely *pro se* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement based on the trial court's May 5, 2020 order. The trial court issued a Rule 1925(a) opinion reiterating that the contempt petition against Appellant had been vacated, the contempt hearing had been cancelled, and that, therefore, there was no appealable order. Trial Ct. Op., 7/8/20, at 2. On September 22, 2020, Appellant filed a *pro se* application for relief requesting that this Court impose sanctions against the trial court.

It is well settled that an appeal lies only from a final order unless otherwise permitted by rule or statute. *McCutcheon v. Philadelphia Electric Co.*, 788 A.2d 345 (Pa. 2002); *see also* Pa.R.A.P. 341. "An order of contempt is final and appealable when the order contains a present finding of contempt and imposes sanctions." *In re K.K.*, 957 A.2d 298, 303 (Pa. Super. 2008) (citations omitted).

Here, the trial court vacated the contempt petition against Appellant and cancelled the contempt hearing. Accordingly, there is no final order from which Appellant can appeal. *See* Pa.R.A.P. 341; *see also K.K.*, 957 A.2d at 303. Accordingly, we quash.

Appeal quashed. Application for relief dismissed as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2020