J-A14038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE CARLYLE CONDOMINIUM ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SPRUCE STREET PROPERTIES AND DAVID BISHOFF | : | No. 924 WDA 2020 |
| | : | |
| Appellants | : | |

Appeal from the Order Dated October 29, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 16-10267

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED: SEPTEMBER 10, 2021**

Spruce Street Properties ("Spruce Street") and David Bishoff ("Bishoff")

(collectively, the "Appellants") appeal from the Order granting the Carlyle

Condominium Association's (the "Association") Motion for Summary

Judgment.[1]  We affirm.

In its Opinion, the trial court detailed the factual and procedural history

underlying this appeal as follows:

> The Carlyle is a 61-unit condominium located in downtown
> Pittsburgh, Pennsylvania, in the historic Union Bank Building.  The

---

[1] We note that the Order granting the Association's Motion for Summary Judgment disposes of all of the claims between all of the parties involved in the instant action.  **See McCutcheon v. Philadelphia Elec. Co.**, 788 A.2d 345, 349 (Pa. 2002) (stating that "[a]n appeal lies only from a final order unless otherwise permitted by rule or statute."); Pa.R.A.P. 341(b)(1) (stating that "[a] final order is any order that disposes of all claims of all parties."). Accordingly, the Order is final and appealable.

Carlyle was developed by Spruce Street and Duquesne Properties, LLC. [] Bishoff [] owns and controls both Spruce Street and Duquesne Properties, LLC. In May of 2009, [] Bishoff, acting as a managing member of Duquesne Properties, LLC[,] and a limited partner of Spruce Street, executed a Declaration of Condominium for the Carlyle (the "Declaration") on behalf of Spruce Street [as] the []Declarant[]. On or about June 10, 2009, [Spruce Street] recorded the Declaration.

The Declaration created the [Association], which is an unincorporated association of Carlyle unit owners. The Declaration granted ownership of the Carlyle building exterior to [Spruce Street]. The Declaration accomplished this by identifying [Spruce Street] as the owner of one commercial unit on the first floor of the Carlyle, which also included the Carlyle building exterior.[FN1]

---

[FN1] Article 1.3.2 of the Declaration defines the "building exterior" as "including, but not limited to, all exterior walls (including, but not limited to, front walls, side walls, and back walls), elevations, building height, roofs, color, building materials, windows and doors, and all air space above the building."

---

From May 29, 2009[,] until June 12, 2014, [Spruce Street] and [] Bishoff controlled the Association's Executive Board. During this time, [Spruce Street] maintained at least one seat on the Association's Executive Board, and [] Bishoff served as the Executive Board's president.

Following the June 12, 2014, election, three resident unit owners took control of the Association. [Spruce Street] and [] Bishoff thereafter held no seats on the Executive Board.

On or about August 24, 2014, after the resident unit owners took control of the Association's Executive Board, the Association initiated a lawsuit against [Spruce Street], [] Bishoff, and other related entities at [docket number] GD 14-014988. The Association's Amended Complaint alleges that [Spruce Street] breached the Declaration by failing to deposit funds into a reserve to cover expenses related to the Carlyle building exterior. Thereafter, [Spruce Street] and [] Bishoff unilaterally executed and recorded a "First Amendment to Declaration of Condominium

for the Carlyle, a Condominium: 1st Ward of the City of Pittsburgh, Allegheny County, Pennsylvania" (the "Amendment"). The Amendment provided as follows:

> 1. The title lines or boundaries of the Commercial [Unit] shall no longer include within its boundaries the Building Exterior as defined in Article 1.3.2.

> 2. The Building Exterior, as defined by Article 1.3.2 (subject to a Deed of Historic Preservation and Conservation Easement in favor of the Pittsburgh History and Landmarks Foundation), is hereby converted into a Common Element of the Condominium for which the Association remains responsible for performing and paying for the maintenance, repair and replacement.

In sum, the Amendment purports to transfer ownership of the Carlyle building exterior from [Spruce Street] and [] Bishoff[] to the Association.

Although [Spruce Street] and [] Bishoff had already turned over control of the Association to the resident unit owners when [Spruce Street] executed and recorded the Amendment, the Association had no part in approving, creating, executing, or recording the Amendment. Accordingly, on or about June 7, 2016, the Association filed a Complaint for Declaratory Judgment[,] at [docket number] GD 16-010267[,] seeking to declare the Amendment invalid and/or unenforceable under Pennsylvania's Uniform Condominium Act (the "Condo Act").[FN2] This [c]ourt subsequently consolidated GD 16-010267 with several other actions involving the Association, [Spruce Street], [] Bishoff, and other related entities, at GD 14-014988.[FN3]

---

[FN2] 68 Pa.C.S.A. §[ ]3101, *et seq.*

[FN3] The actions at GD 14-014988, GD 15-000925, GD 15-001894, GD 16-010267 are all consolidated at GD 14-014988.

---

On or about November 2, 2016, the Association filed a Motion for Judgment on the Pleadings with regard to its claim for declaratory judgment at GD 16-010267. Thereafter, on December 15, 2016, this [c]ourt denied the Association's [M]otion. Then, on

or about March 6, 2020, the Association filed a similar [M]otion, albeit styled as a Motion for Partial Judgment on the Pleadings or, in the Alternative, for Partial Summary Judgment. Both [M]otions ultimately sought a declaration from [the trial c]ourt that the Amendment is invalid and/or unenforceable as a matter of law under the Condo Act. On August 11, 2020, after due consideration of the parties' relevant briefs, and after hearing oral argument on the Association's March 6, 2020[,] [M]otion, [the trial c]ourt issued an [O]rder granting summary judgment in favor of the Association on the Association's claim for declaratory judgment originally filed at GD 16-010267.

Trial Court Opinion, 12/29/20, at 1-3 (footnotes in original).

Appellants filed two timely Notices of Appeal,[2] and a court-ordered

_____

[2] Appellants filed a Notice of Appeal from the trial court's Order granting summary judgment at GD 16-010267, which this Court docketed at 924 WDA 2020. Appellants also filed a Notice of Appeal from the consolidated action at GD 14-014988, which this Court docketed at 928 WDA 2020. On September 22, 2020, the Association filed an Application to quash the appeal docketed at 928 WDA 2020, asserting that the Order granting summary judgment at GD 16-010267 did not dispose of all of the claims related to the consolidated action. Appellants filed a Response to the Association's Application to quash. Appellants asserted that because the trial court had entered the Order granting summary judgment on the consolidated action's docket, Appellants were required to file two Notices of Appeal pursuant to **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018). Appellants requested that this Court consolidate the appeals at 924 WDA 2020 and 928 WDA 2020. On January 6, 2021, this Court granted the Association's Motion to quash the appeal at 928 WDA 2020, and entered a separate Order denying Appellants' Application to consolidate the appeals. **See McCutcheon**, 788 A.2d at 345. In this case, the Order did not dispose of all claims and all parties related to the consolidated action, as the consolidated action includes an additional party, RJ Development Company, LLC, and the claims in the two actions are different.

Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[3]

Appellants raise the following issue for our review: "Did the trial court err in concluding that the [A]mendment to the … [D]eclaration is invalid and unenforceable?" Brief for Appellants at 4.

Appellants argue that the Amendment was valid because the Declaration reserved to Spruce Street the right to convert a portion of the commercial unit to a common element and, accordingly, the Association was placed on notice as to Spruce Street's right to unilaterally amend the Declaration. *Id.* at 10. Appellants point to multiple portions of the Condo Act that purportedly allow declarants to alter or subdivide portions of units. *Id.* at 10-11. Specifically, Appellants cite to section 3125 of the Condo Act, which permits subdivision or conversion into, *inter alia*, a combination of units and common elements, and permits such an amendment to be executed by the unit owner—which, in this case, is Spruce Street. *Id.* at 11 (citing 68 Pa.C.S.A. § 3215). Appellants assert that a declarant possesses special rights to amend a declaration, as such rights are necessary to ensure that developers continue to build condominiums. *Id.* at 12. Appellants further claim that no additional duties

---

[3] On October 26, 2020, this Court issued a Rule to Show Cause why Appellants' appeal should not be quashed, as the Order entering summary judgment had not yet been docketed. Appellants filed a Response, indicating that the trial court had subsequently entered the final Order on the appropriate docket. On November 10, 2020, the Association filed an Application to quash the instant appeal filed at 924 WDA 2020, to which Appellants filed a Response. On January 11, 2021, this Court entered an Order discharging the Rule to Show Cause, and referring the issue to the merits panel.

have been placed on the Association, as it was always obligated to maintain the building exterior, and that Appellants never intended to own the building exterior in perpetuity. *Id.* at 12-13. Finally, Appellants claim that it substantially complied with its recording obligations under the Condo Act, and that the Amendment complied with the various provisions of the Condo Act. *Id.* at 13-15.

> Our standard of review is well settled:
>
> [S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. An appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. Because the claim regarding whether there are genuine issues of material fact is a question of law, our standard of review is *de novo* and our scope of review is plenary.

*Nicolaou v. Martin*, 195 A.3d 880, 891-92 (Pa. 2018) (citations omitted).

This case involves the interpretation of statutory provisions. Issues of statutory interpretation present this Court with questions of law; accordingly, our standard of review is *de novo*, and our scope of review is plenary. *Shafer Elec. Constr. v. Mantia*, 96 A.3d 989, 994 (Pa. 2014). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). When the words of a statute are clear and free from ambiguity, the letter of the

statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.A. § 1921(b).

> In this regard, it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include. Thus, as a matter of statutory construction, one must listen attentively both to what a statute says, and to what it does not say. Finally, it may be presumed that the General Assembly intends an entire statute to be effective and certain and does not intend a result that is absurd, impossible of execution or unreasonable.

***Pa. Med. Soc'y v. Dep't of Pub. Welfare***, 39 A.3d 267, 283 (Pa. 2012) (internal quotation marks and citations omitted).

The instant appeal implicates sections 3215 and 3219 of the Condo Act. Section 3219, in relevant part, states the following:

**§ 3219.  Amendment of declaration**

**(a) Number of votes required.--**

> (1) The declaration, including the plats and plans, may be amended only by vote or agreement of unit owners of units to which at least:

> > (i) sixty-seven percent of the votes in the association are allocated; [or]

> > (ii) any larger majority the declaration specifies….

> > > * * *

> (3) Paragraph (1) shall not apply to any of the following:

> > (i) Amendments executed by a declarant under:

> > > (A) section 3210(e) and (f) (relating to plats and plans);

> > > (B) section 3211(a) (relating to conversion and expansion of flexible condominiums); or

(C) section 3212(a) (relating to withdrawal of withdrawable real estate).

* * *

(iii) Amendments executed by certain unit owners under:

* * *

(C) section 3215(b)….

* * *

**(c) Recording amendment.--**The following shall apply:

(1) Every amendment to the declaration must be recorded in every county in which any portion of the condominium is located in the same records as are maintained for the recording of deeds of real property and shall be indexed in the name of the condominium in both the grantor and grantee index. An amendment is effective only upon recordation.

* * *

**(e) Officer authorized to execute amendment.--**Amendments to the declaration required by this subpart to be recorded by the association shall be prepared, executed, recorded and certified by any officer of the association designated for that purpose or, in the absence of designation, by the president of the association.

68 Pa.C.S.A. § 3219(a)(1)(i)-(ii), (a)(3)(i), (a)(3)(iii)(C, (c)(1), (e).

Section 3215, in relevant part, states as follows:

**§ 3215.  Subdivision or conversion of units**

**(a) General rule.--**If the declaration expressly so permits, a unit may be subdivided into two or more units or, in the case of a unit owned by a declarant, may be subdivided or converted into two or more units, common elements, or a combination of units and common elements. Subject to the provisions of the declaration and other provisions of law, upon application of a unit owner to subdivide a unit or upon application of a declarant to convert a

unit the association shall prepare, execute and record an amendment to the declaration, including the plats and plans, subdividing or converting that unit.

**(b) Execution and contents of amendment.--**The amendment to the declaration must be executed by the owner of the unit to be subdivided, assign an identifying number to each unit created and reallocate the common element interest, votes in the association and common expense liability formerly allocated to the subdivided unit to the new units in any reasonable manner prescribed by the owner of the subdivided unit.

**(c) Conversion of unit of declarant to common elements.--** In the case of a unit owned by a declarant, if a declarant converts all of a unit to common elements, the amendment to the declaration must reallocate among the other units the common element interest, votes in the association and common expense liability formerly allocated to the converted unit on a *pro rata* basis, *inter se*.

*Id.* § 3215.

In its Opinion, the trial court interpreted the plain language of the above statutes, and concluded as follows:

> In this instance, [Spruce Street] and [] Bishoff are correct to contend that Article 16.1(d) of the Declaration purports to grant [Spruce Street] the authority to unilaterally amend the Declaration, and to convert [Spruce Street]'s commercial unit, or portions thereof, into a common element without the consent of the individual unit owners or the Association. However, th[e trial c]ourt determined that both the Amendment, and the portion of the Declaration in Article 16.1(d), which purports to grant the Declarant the unilateral authority to amend the [D]eclaration, are invalid and unenforceable under the Condo Act, as a matter of law, for the following reasons.

> First, [s]ection 3219(a) of the Condo Act requires that individual unit owners vote upon, and approve of, any amendments to the Declaration. … In this instance, there is no evidence of record that demonstrates that the unit owners voted upon the Amendment in any manner in accordance with [s]ection 3219(a)(1). Furthermore, neither [Spruce Street] nor [] Bishoff

proffered evidence or argument that any of the exceptions provided by [s]ection 3219(a)(3)(i) are applicable.

[Spruce Street] and [] Bishoff argue that, regardless of the voting requirements set forth in [s]ection 3219(a)(1), the Amendment was properly executed pursuant to another exception provided under [s]ections 3219(a)(3)(iii)(C) and 3215(b) of the Condo Act. However, unlike [s]ection 3219(a)(3)(i), [s]ections 3219(a)(3)(iii)(C) and 3215(b) do *not* create a separate exception for amendments executed specifically by a declarant. Additionally, even assuming that the exception provided by [s]ections 3219(a)(3)(iii)(C) and 3215(b) *could* apply to amendments executed by a declarant in certain circumstances, neither [s]ection 3219(a)(3)(iii)(C) nor [s]ection 3215(b) authorizes a declarant or unit owner to unilaterally execute amendments to the declaration that would effectively convert a significant portion of a prior unit into a common element, which the Association, and by extension, the individual unit owners, are responsible for funding and maintaining. At most, [s]ections 3219(a)(3)(iii)(C) and 3215(b), provide certain unit owners with the limited ability to subdivide a particular unit into multiple units. In sum, because the Amendment did not subdivide [Spruce Street]'s unit into multiple units, [Spruce Street] cannot then rely on the exception provided by [s]ections 3219(a)(3)(iii)(C) and 3215(b) in order to justify [Spruce Street]'s failure to comply with the voting requirements of [s]ection 3219(a)(1), or the exceptions to [s]ection 3219(a)(1) provided by [s]ection 3219(a)(3)(i).

Second, [s]ections 3219(c)(1) and 3219(e) of the Condo Act require that the Amendment be recorded by and indexed to the Association. … Here, it is undisputed that the Amendment was made, executed, recorded by, and indexed to [Spruce Street] alone, and not the Association. Thus, [Spruce Street] also failed to comply with the requirements of both [s]ections 3219(c)(1) and 3219(e).

The Condo Act's requirements under [s]ections 3219(a)(1), 3219(c)(1), and 3219(e) primarily exist to ensure that the Association and individual unit owners retain the right to be involved in any amendments to a declaration. Indeed, these requirements protect the Association and individual unit owners from exactly what [Spruce Street] and [] Bishoff have attempted to do in this instance: to unilaterally foist considerable obligations (like that of performing and paying for the maintenance, repair,

and replacement of the Carlyle building exterior) upon the Association, and by extension, the individual unit owners, without the Association's or the individual unit owners' consent.

Trial Court Opinion, 12/29/20, at 6-8 (footnotes omitted, emphasis in original). We agree with the sound determination of the trial court, and affirm on the basis of its Opinion, **see id.**, with the following addendum.

Appellants rely on section 3215 to argue that Spruce Street, as the Declarant, has the authority to subdivide its unit into a commercial unit and a common area without the voting approval of the Association as otherwise required in section 3219. **See** Brief for Appellants at 11-13. However, under the plain language of the statute, the only exception to the voting requirements in section 3219 is an amendment executed pursuant to section 3215(b), and not an amendment pursuant to section 3215(a) or (c). **See** Trial Court Opinion, 12/29/20, at 7-8; **see also** 68 Pa.C.S.A. § 3219(a)(3)(iii)(C).

Section 3215(b) requires that such amendments must, in part, "assign an identifying number to each unit created and reallocate the common element interest, votes in the association and common expense liability formerly allocated to the subdivided unit to the new units in any reasonable manner prescribed by the owner of the subdivided unit." 68 Pa.C.S.A. § 3215(b).

In this case, our review of the Amendment confirms that the Amendment does not assign an identifying number to any new unit created; it merely provides that the commercial unit no longer includes the building

exterior, and that the building exterior is converted into a common element. *See* Amendment, 11/6/15, at 2. *See also* 1 Pa.C.S.A. § 1921(b). Because we discern no abuse of discretion or error of law by the trial court, we can grant Appellants no relief on their sole claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2021