J-S24019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PHILADELPHIA FEDERAL CREDIT UNION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RENODA K. BASS | : | |
| | : | No. 74 EDA 2022 |
| APPEAL OF: BMRK LENDING, LLC | : | |

Appeal from the Order Entered November 17, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  190800631

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 13, 2022**

BMRK Lending, LLC, (BMRK) appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying its petition to intervene in the underlying confession of judgment action.[1]  BMRK filed its

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] On August 7, 2019, Plaintiff/Appellee, the Philadelphia Federal Credit Union (PFCU), filed a complaint for confession of judgment ($352,913.22, plus interest from date of entry) against Defendant Renoda Bass (Bass), pursuant to a warrant of attorney contained in a $343,000.00 commercial promissory note given to PFCU by Bass on May 31, 2017.  The note was secured by a mortgage upon property owned by Bass, located at 7627 Este Avenue in Philadelphia, PA 19153 [Mortgaged Premises].  On November 12, 2019, PFCU caused a writ of execution to be issued, which exposed both the Mortgaged Premises and an adjacent parcel also owned by Bass, located at 2541-43 South 77th Street, Philadelphia, PA 19153 (77th Street Premises), to sheriff's sale.

petition to intervene on September 20, 2021.[2] However, the Mortgaged Premises and the 77th Street Premises were sold at sheriff's sale seven months prior, on February 4, 2020, in partial satisfaction of the confessed judgment in the amount of $352,913.22, which was entered on August 7, 2019. The sheriff's deed was acknowledged on August 25, 2020 and PFCU filed a deficiency judgment petition on February 11, 2021, which the court granted on March 2, 2021. The court denied BMRK's petition as it was not filed during the pendency of the action, in accordance with Pa.R.C.P. 2327. After our review, we quash this appeal.

On May 3, 2022, this Court entered an order directing BMRK, within ten days, to show cause why the appeal should not be quashed as interlocutory or dismissed as moot.[3] Inexplicably, BMRK did not respond. On May 24,

_____

[2] BMRK sought to protect its lien interest in another property owned by Bass, located at 4768 Tacony Street, Philadelphia, PA (Tacony Property), which Bass had sold to Marie Homes, LLC, on March 1, 2021. Marie Homes financed the purchase via a purchase money mortgage in favor of BMRK. BMRK's mortgage on the Tacony Property was recorded until April 23, 2021. Following entry of PFCU's deficiency judgment, on March 2, 2021, PFCU sought a writ of execution on the Tacony Property on September 14, 2021. The issue of why BMRK did not discover PFCU's August 7, 2019 judgment is not before us.

[3] This Court's order provided, in part:

An appeal lies only from a final order unless otherwise permitted by rule or statute. **McCutcheon v. Philadelphia Electric Co.**, 788 A.2d 345, 349 (Pa. 2002). A final order is one that disposes of all claims and all parties. Pa.R.A.P. 341(b)(1); **see also Spuglio v. Cugini**, 818 A.2d 1286, 1287 (Pa. Super. 2003) (quashing appeal from orders that disposed of fewer than all asserted claims). Furthermore, as a general rule, an actual case

*(Footnote Continued Next Page)*

2022, this Court discharged the show-cause order, referring the matter to this panel. *See* Order, 5/24/22.

The trial court set forth the underlying facts of this case as follows:

On August 7, 2019, [] Philadelphia Federal Credit Union [PFCU] filed a complaint for confession of money judgment against Renoda K. Bass [Bass] stating [Bass] was indebted to [PFCU] in the amount of $352,913.22 including interest. [PFCU] also attached evidence of a loan agreement and mortgage between the parties. [] On November 12, 2019, [PFCU] filed a praecipe for writ of execution upon the confessed judgment amount requesting the prothonotary issue a writ of execution for two (2) parcels of property owned by [Bass] located at 7627 Este Avenue, Philadelphia, PA 19153, and 2541-43 S. 77th Street, Philadelphia PA 19153 (Subject Properties). The filing further requested that the Philadelphia Sheriff's Office issue a levy and sell [Bass's] interest in the Subject Properties to satisfy the judgment. [] Subsequently, [ filed multiple affidavits of service, certifying it had served notice upon several interest parties[,] including [Bass], additional creditors[,] as well as lien holders that may have had an interest in the Subject Properties.

On February 4, 2020, the property located at 7627 Este Avenue, Philadelphia, PA 19153, [the Mortgaged Premises], was sold at sheriff's sale. On February 11, 2021, [PFCU] filed a petition to fix fair market value and establish amount of deficiency claim (Deficiency Petition) requesting the fair market value of the

---

or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. *In re Duran*, 769 A.2d 497, 502 ( Pa. Super. 2001). If an event occurs that renders impossible the grant of the requested relief, the issue is moot, and the appeal is subject to dismissal. *Delaware River Preservation Co., Inc. v. Miskin*, 923 A.2d 1177, 1183 n.3 ( Pa. Super. 2007); *see also Deutsche Bank Nat. Co. v. Butler*, 868 A.2d 574 (Pa. Super. 2005) (holding appeal from denial of petition to set aside sheriff's sale was moot upon subsequent sheriff's sale and delivery of deed).

Order, 5/3/22.

property sold at sheriff sale be set at $260,000.00 and be offset against the pending judgment of $381,719.10.[4]

On March 2, 2021, this [c]ourt granted [PFCU's D]eficiency [P]etition and established a deficiency claim for monetary

---

[4] Under the statute governing deficiency judgments, 42 Pa.C.S. § 8103, a creditor's judgment against a debtor is reduced by the fair market value of the property purchased, directly or indirectly, by the creditor, rather than by the actual sale price of the property. *Horbal v. Moxham Na. Bank*, 697 A.2d 577 (Pa. 1997). *See generally*, 14 Standard Pennsylvania Practice § 78:30. Section 8103 provides, in part:

(a) **General rule**.– Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs[,] and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. **The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.**

42 Pa.C.S. § 8103 (emphasis added). *See also* 42 Pa.C.S. § 5522(b)(2) (requiring petitions to fix fair market value be filed within six months). If the judgment creditor fails to file a section 8103(a) petition to fix the fair market value of the property within six months of the sheriff's sale, then the debtor may file a petition to have the judgment marked satisfied, released and discharged as a matter of law. 42 Pa.C.S. § 8103(d); *First Nat. Consumer Discount Co. v. Fetherman*, 527 A.2d 100, 105 (Pa. 1987).

We note that BMRK's petition to fix fair market value, filed on February 11, 2021, was not filed within six months of the February 4, 2020 sheriff's sale. As pointed out by PFCU, it was, however, filed within six months of the August 25, 2020 acknowledgment by the prothonotary of the sheriff's deed. Appellee's Brief, at 6. *See* 42 Pa.C.S. § 5522(b)(2)(b) ("Commencement of action required. —The following actions and proceedings must be commenced within six months: [] (2) A petition for the establishment of a deficiency judgment following execution and delivery of the sheriff's deed for the property sold in connection with the execution proceedings referenced in the provisions of section 8103(a) (relating to deficiency judgments)).

judgment against [Bass] in the amount of $163,209.09. Subsequently, on March 9, 2021, [PFCU] filed an affidavit of service for the [D]eficiency [P]etition indicating personal service had been effectuated upon [Bass] on March 4, 2021. [PFCU] also indicated it had successfully mailed notice to [Bass's] address of record listed on this [c]ourt's docket prior to this [c]ourt's ruling on the [Deficiency] Petition.

On September 14, 2021, [PFCU] filed a second praecipe for writ of execution upon the confessed judgment for the remaining deficiency balance including additional accrued costs. This time, [PFCU] requested the Prothonotary issue a writ of execution for another parcel of property owned by [Bass] located at 4768 Tacony Street, Philadelphia, PA ("the [Tacony] Property").

On September 20, 2021, BMRK [] filed a motion to intervene. In its motion, [BMRK] indicated it held a mortgage against the [Tacony] Property and possessed proper standing to intervene in this proceeding to protect its interest. [BMRK] also indicated that service and notice of the "Deficiency Petition" in this matter were not properly effectuated consistent with Pa.R.C.P. 3283 and Pa.R.C.P. 3284(1). On October 4, 2021, [PFCU] filed a response to [BMRK]'s petition to intervene, requesting this [c]ourt deny its petition[,] indicating service was properly effectuated by mail to [Bass's] residence as well as via personal service on March 4, 2021.

On November 16, 2021, this [c]ourt entered an order denying [BMRK]'s petition to intervene because the petition was not filed during the pendency of this action as required by Pa.R.C.P. 2327.

Trial Court Opinion, 4/19/22, at 1-4 (footnotes and unnecessary capitalization omitted; footnote 3 added).

BMRK filed this timely appeal. Both BMRK and the trial court have complied with Pa.R.A.P. 1925.

BMRK raises the following issues for our review:

1. Can a party intervene in an action to protect its interest in real estate from execution on an invalid deficiency judgment, where the proposed intervenor did not have an interest in the real estate prior to the entry of the original judgment?

2.    Is a deficiency judgment validly entered where the petition to fix fair market value omits property acquired pursuant to the execution proceeding on the original judgment?

3.    Is a deficiency judgment validly entered where (i) the petition to fix fair market value was not served in accordance with Pa.R.C.P. 3283(a)(2), (ii) the creditor did not file a return of service for the petition as required by Pa.R.C.P. 3283(b), and (iii) the creditor did not serve a Rule 237.1 notice as required by Pa.R.C.P. 3284(1)?

Appellant's Brief, at 2 (reordered for ease of disposition).

Generally, an appellate court only has jurisdiction to review final orders. *See* Pa.R.A.P. 341 (providing that "an appeal may be taken as of right from any final order"). The official note to Pa.R.A.P. 341 explains: "[A]n order denying a party the right to intervene" is no longer considered an appealable final order but, in appropriate cases, may "fall under Pa.R.A.P. 312 (Interlocutory Appeals by Permission) or Pa.R.A.P. 313 (Collateral Orders)." *Id.*, note.

Here, BMRK did not seek the trial court's permission to appeal pursuant to Rule 312. Therefore, unless the order denying its petition to intervene can be classified as a collateral order pursuant to Rule 313, we are without jurisdiction to entertain the instant appeal.

The Pennsylvania Rules of Appellate Procedure set forth three conditions that must be present for an order to be defined as collateral. The order must be "[1] separable from and collateral to the main cause of action [2] where the right involved is too important to be denied review [3] and the question presented is such that if review is postponed until final judgment in the case,

- 6 -

the claim will be irreparably lost." Pa.R.A.P. 313(b). In order "[t]o benefit from the collateral order doctrine, an order must satisfy all three elements." **Radakovich v. Radakovich**, 846 A.2d 709, 714 (Pa. Super. 2004) (citation omitted). **See Financial Freedom, SFC v. Cooper**, 21 A.3d 1229 (Pa. Super. 2011) (holding Rules of Civil Procedure do not permit intervention after matter has been finally resolved).

Here, we find the first two prongs of Rule 313's collateral order test are satisfied. The order denying BMRK's petition to intervene is separate from and collateral to the confessed judgment action. Further, BMRK avers the order denying the petition to intervene affects its property interest, which is deeply rooted in public policy going beyond the underlying litigation. **See Mortgage Electronic Registration Systems, Inc. v. Malehorn**, 16 A.3d 1138, 1141-42 (Pa. Super. 2011) (order denying mobile home owner's motion to intervene in foreclosure action failed to satisfy collateral order doctrine and thus was not immediately appealable). However, we find that the third prong, requiring that the question presented is such that if review is postponed until final judgment, the claim will be irreparably lost, cannot be met here. Simply put, judgment was entered almost 18 months before BMRK filed its motion to intervene.

BMRK argues, however, that PFCU's deficiency judgment action somehow renders the underlying matter "pending." For the following reasons, we disagree.

The determination of who may intervene in an action **and when that intervention may be prohibited** is determined by Pa.R.C.P. 2327 and 2329. *See Nemirovsky v. Nemirovsky*, 776 A.2d 988, 992 (Pa. Super. 2001). Rule 2327 provides in pertinent part:

> **At any time during the pendency of an action**, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> > (1) the entry of a judgment in such action or the satisfaction of such judgment will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered; or
> >
> > (2) such person is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or
> >
> > (3) such person could have joined as an original party in the action or could have been joined therein; or
> >
> > (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.C.P. 2327 (emphasis added).

An action or suit is "pending," as required for a court to allow intervention by a party, from its inception until the rendition of final judgment. *U.S. Bank National Association for Pennsylvania Housing Finance Agency v. Watters*, 163 A.3d 1019 (Pa. Super. 2017). *See Newberg by Newberg v. Board of Public Educ.*, 478 A.2d 1352 (Pa. Super. 1984) (petition for leave to intervene must be filed during pendency of action; petition filed after final adjudication is too late). Further, "where a court no longer has power to permit intervention because a matter has been finally

adjudicated, a hearing on a petition to intervene would be pointless." *In re Estate of Albright*, 545 A.2d 896, 899 (Pa. Super. 1988).

BMRK's interest arose on February 26, 2021, when its mortgage loan to Marie Homes LLC to finance the purchase of the Tacony Property from Bass was recorded. *See* BMRK's Petition to Intervene, 9/20/21, at ¶ 15, Exhibit 2; PFCU's Response to Petition to Intervene, 10/4/21, at ¶ 16. BMRK argues that a deficiency judgment, which was entered on March 2, 2021, renders the action, on which **judgment by confession was entered on August 7, 2019**, "pending," and, therefore, its petition was timely filed. *See* Appellant's Brief, at 13-14. BMRK also argues its interest did not arise until after the judgment was entered and contends that the writ of execution against the Tacony Property, instituted as a result of the deficiency judgment, threatens to improperly divest BMRK of its interest. *Id.* at ¶ 24. Notably, BMRK's argument acknowledges that judgment in the confessed judgment action was entered.

PFCU argues that final judgment was entered on August 7, 2019, and that the action was not "pending" when BMRK filed its petition to intervene on September 20, 2021. Thus, PFCU argues, BMRK's petition to intervene is precluded under Rule 2327. PFCU also points out that the lien of the judgment "attached to all other real property in the County of Philadelphia owned by [Bass] at the time of its entry, including (a) 2541-43 South 77th Street [] and (b) 4768 Tacony Street." PFCU Response to BMRK's Petition to Intervene, 10/4/21, at ¶ 2. PFCU acknowledges BMRK's "interest" in the Tacony

Property, but contends its interest is not of the type that entitles BMRK to intervene in this matter. *Id.* at ¶ 19. PFCU contends that BMRK's mortgage is not entitled to priority over PFCU's judgment, which attached to the Tacony Property approximately 18 months before BMRK's mortgage was recorded. *Id.* at ¶ 37.

A proceeding pursuant to the Deficiency Judgment Act is a supplementary proceeding in "the matter in which the judgment was entered." 42 Pa.C.S. § 8103(a);[5] *Home Sav. & Loan Co. of Youngstown, Ohio v. Irongate Ventures, LLC*, 19 A.3d 1074, 1078 (Pa. Super. 2011). "Judgment" here means "[t]he judgment [that] was enforced by the execution proceedings" to which section 8103(a) refers, "whether that judgment is a judgment *in personam* such as a judgment requiring the payment of money or a judgment *de terris* or *in rem* such as a judgment entered in an action of mortgage foreclosure[.]" 42 Pa.C.S. § 8103(g).

> The plain language of the [Deficiency Judgment] Act presently permits a petition to fix fair market value "as a supplementary

---

[5] The Deficiency Judgment Act provides, in pertinent part:

(a)    General rule.— Whenever any real property is sold . . . to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered[.]

42 Pa.C.S. § 8103 (emphasis added).

proceeding in the matter in which the judgment was entered," even if that judgment was *de terris* or *in rem*, such as a foreclosure judgment. 42 Pa.C.S.A. at § 8103(a), (g). These subsections, when read together, permit a judgment creditor to file a petition to fix fair market value as a supplementary proceeding in the foreclosure action, following execution of the foreclosure judgment, and obtain a determination of "the balance of the debt[.]" 42 Pa.C.S.A. § 8103(c)(5); ***Irongate Ventures***, 19 A.3d at 1080; ***accord Nicholas*** [***v. Hofmann***,] 158 A.3d [675,] 696 n.34 [(Pa. Super. 2017)].

***BR Holding Fund, LLC v. McKendrick***, 245 A.3d 1060 (Pa. Super. 2020) (Table), at *2.

Here, it is clear that PFCU has executed on the judgment, and that BMRK's petition to intervene was filed after judgment was entered.

To petition the court to intervene after a matter has been finally resolved is not allowed by our Rules of Civil Procedure. It is only during the pendency of an action that the court may allow intervention. Pa.R.C.P. 2327. An action is "pending," according to the Black's Law Dictionary (5th Ed.), when it is:

Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment.

Thus, an action or suit is "pending" from its inception until the rendition of final judgment.

***In re Estate of Albright***, 545 A.2d at 899. ***See also U.S. Bank Nat'l Assoc. v. Watters***, 163 A.3d 1019, 1027 (Pa. Super. 2017).

Essentially, BMRK asks this Court to find that PFCU's deficiency action renders the prior confessed judgment action "pending." BMRK cites to no case law to support this argument. Further, we read the term "supplementary," as

used in the Deficiency Judgment Act, and as defined in Merriam-Webster,[6] to mean an "additional" proceeding. BMRK's argument, therefore, is meritless.

Here, final judgment was entered in the underlying confessed judgment action on August 7, 2019, before BMRK filed its petition to intervene on September 20, 2021. BMRK does not stand to lose anything if judgment is entered because judgment has already been entered. Thus, the order denying its petition to intervene cannot be classified as a collateral order under Pa.R.A.P. 313 and, therefore, the order in question is interlocutory. Moreover, when BMRK filed its motion to intervene, there was no action "pending" within the definition of Rule 2327. BMRK, therefore, had no action in which to intervene. Accordingly, we quash this appeal. *Malehorn*, 16 A.3d at 1141; Pa.R.A.P. 313.

Appeal quashed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: <u>10/13/2022</u>

---

[6] https://www.merriam-webster.com/dictionary (last visited 9/19/22).