2024 PA Super 209

| ZACHARY AND BILLY JO WHITTAKER | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| YONG LU AND SUIWAI CHENG | : | No. 1698 MDA 2023 |

Appeal from the Judgment Entered December 7, 2023
In the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2022-07123

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

OPINION BY KUNSELMAN, J.:                **FILED: SEPTEMBER 13, 2024**

In this, their second attempted appeal, Tenants, Zachary and Billy Jo Whittaker, seek to appeal from the judgment of possession entered in favor of Landlords, Yong Lu and Suiwai Cheng.  Because the judgment of possession was not the final and appealable order, we quash.

In June of 2019, Tenants rented a home, located at 1021 Kent Drive in Mechanicsburg, Pennsylvania, from Landlords.[1]  The parties agreed to a ten year lease, which included a tenants'-option-to-purchase clause.  In 2022, a disagreement arose regarding that clause.

On September 1, 2022, Tenants sued Landlords by filing a praecipe for writ of summons.  They also praeciped for a *lis pendens* against the property, based on an action for "specific performance of a real estate sales contract." Tenants' Praecipe for *Lis Pendens* at 1.  Tenants never filed a complaint.

---

[1] Only Mr. Lu is listed as the landlord in the lease.  However, he and his wife, Ms. Cheng, are co-owners of the property.  Thus, we refer to Mr. Lu and Ms. Cheng collectively as "Landlords."

Three months passed, and the parties signed a settlement agreement and mutual release. Landlords agreed to sell the property for "$371,000.00 with a $21,000.00 seller's assist credited back to [Tenants] at closing." Settlement Agreement at 2. "Upon parties' settlement of the property, [Tenants agreed] to withdraw the lawsuit from the Court of Common Pleas of Cumberland County against [Landlords] within five business days of the settlement date." *Id.* (some capitalization omitted).

Furthermore, the parties released each other from "any and all debts, controversies, claims, demands, damages, actions, causes of action or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing . . . ." *Id.* at 2-3. The release "necessarily include[d], but [was] not limited to, any and all claims, demands, damages, actions, causes of action or suits which are based directly or indirectly upon facts, events, transactions or occurrences related to or alleged, or embraced by the lawsuit." *Id.* at 3. They only retained claims for "the rights and obligations created by [the] settlement agreement . . . ." *Id.* at 2. The settlement became "the sole and entire agreement between [the parties] and supersede[d] all prior agreements, negotiations, and discussions between the parties, with respect to the subject matter covered in it." *Id.* at 3.

That same day, Tenants signed a standard agreement of sale to buy the property for $371,000.00, with a seller's assist of $21,000.00. *See* Sales Agreement at 2. On December 19, 2022, Landlords also signed the sales agreement. It set January 13, 2023 as the closing-settlement date and

provided that the "settlement date and all other dates and times . . . of this agreement are of the essence and are binding." ***Id.***

On January 13, 2023, Tenants failed to close. Tenants were unable to secure a mortgage, because their accountant did not complete their 2022 taxes in time for them to get a lender's approval. Two months later, Landlords petitioned the trial court to enforce the settlement agreement. They asked the court to declare that (1) Tenants materially breached the sales agreement; (2) the parties terminated the lease by signing the settlement agreement; (3) Tenants must vacate by April 30, 2023; and (4), if Tenants do not vacate, the Sheriff of Cumberland County may execute a writ of possession and forcibly remove them.

Tenants filed a response to the petition that admitted the above facts, denied Landlords' interpretation of the two agreements, and requested that the trial court deny the petition. Instead, they believed the court should "enter an order directing the parties to file a complaint to place the issues in front of the court." Tenants' Response to Petition at 4.

On August 17, 2023, the trial court issued an order and opinion granting Landlords' petition in full, dissolving the *lis pendens*, and directing Tenants to vacate the property within 30 days. Tenants asked the trial court to reconsider its ruling, but the court denied relief on September 15, 2023.

Five days later, on September 20, 2023 (*i.e.*, 34 days after issuance of the enforcement order), Tenants filed a notice of appeal from the trial court's enforcement order. In a *per curiam* order, this Court ruled that that appeal

was "facially untimely, as it was filed more than 30 days after entry of the August 17, 2023 order." ***Whitaker v. Lu***, 1350 MDA 2023 (Pa. Super. 2023) (citing Pa.R.A.P. 903(a)).

Next, on December 7, 2023, Landlords praeciped for judgment and for a writ of possession. They sought to have the Sheriff of Cumberland County evict Tenants.

The following day, Tenants asked the trial court to declare the entry of judgment to be a final and appealable order. They simultaneously filed a notice of appeal to this Court from the entry of judgment. The trial court ordered Tenants to file a Rule 1925(b) Statement of Errors Complained of on Appeal. On December 28, 2023, that court denied Tenants' application for a determination of finality and appealability. Tenants did not file a 1925(b) statement.[2]

After reviewing Tenants' docketing statement, this Court ordered them to show cause why this – their second appellate attempt – should not be quashed. Tenants filed a response and raised a novel claim that our appellate jurisdiction vested under Pa.R.A.P. 311(a)(2) (interlocutory appeals, as of

_____

[2] Under Pennsylvania Rule of Appellate Procedure 1925, an order directing a party to file such a statement must specify, among other things, "that the statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the statement in person and the address to which the appellant can mail the statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the statement on the judge . . . ." Pa.R.A.P. 1925 (b)(3)(iii). Here, the trial court's order lacked that information. Thus, Tenants were ***not*** required to comply with the trial court's order to avoid wavier of their appellate issues. ***See Commonwealth v. Bush***, 197 A.3d 285, 287 (Pa. Super. 2018).

right, from orders that concern possession and control of a property). In light of Tenants' response, this Court discharged its rule-to-show-cause order and referred the question of appellate jurisdiction to this panel.

We have long held that the question of "appealability of an order goes to the appellate court's jurisdiction . . . ." ***Williams v. Williams***, 385 A.2d 422, 423 (Pa. Super. 1978) (*en banc*). "We may raise issues concerning our appellate jurisdiction *sua sponte*." ***Commonwealth v. Gaines***, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*). Jurisdiction is "a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." ***Crespo v. Hughes***, 292 A.3d 612, 615 (Pa. Super. 2023).

"This Court's appellate jurisdiction extends to (1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order." ***Id.*** at 615-16; ***see also McCutcheon v. Philadelphia Elec. Co.***, 788 A.2d 345, 349 (Pa. 2002); ***and*** Pa.R.A.P. 341(b)(1).

Tenants argue that they appealed "pursuant to Pennsylvania Rule of Appellate Procedure 311(a)(2) wherein the trial court's orders resulted in the deprivation of [their] possession and control of property . . . ." Tenants' Brief at 1. They contend Rule 311(a)(2) applies, because the "the order that trial court entered on August 17, 2023 was not a final order." Tenants' Response to Show-Cause Order, 2/5/24, at 1. Tenants believe the order enforcing the settlement was not final, "as the claims were never defined because a pleading was never filed" by either party. ***Id.*** They assert that the lack of a pleading

- 5 -

deprived the trial court of subject-matter jurisdiction but do not explain how a purported lack of trial-court jurisdiction would confer appellate jurisdiction upon this Court.

To "invoke our appellate jurisdiction, Pennsylvania Rule of Appellate Procedure 903 requires that all 'notices of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken.'" **Gaines**, 127 A.3d 15, 17 (Pa. Super. 2015) (some punctuation omitted). "Because this filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace." **Id.** Thus, if the trial court's order of August 17, 2023, enforcing the parties' settlement agreement, was a final, appealable order, Tenants had 30 days in which to appeal from that order. The subsequent entry of judgment would not be interlocutory.

Tenants' argument is premised on the claim that the enforcement order was not a final, appealable order. We reject their premise as legal error. A final order is one that "disposes of all claims and all parties . . . ." Pa.R.A.P. 341(b). This Court has previously held that an order granting enforcement of a settlement agreement constitutes a final, appealable order.

In **Bennett v. Juzelenos**, 791 A.2d 403, 404 (Pa. Super. 2002), the parties entered into a pre-trial settlement agreement, which the Bennetts asked the trial court to enforce by filing a petition for enforcement. The trial court granted the petitioners full relief. The respondents appealed from the order granting enforcement. We held, among other things, that the enforcement order was "a final order, finding the settlement agreement was

enforceable and directing the parties to effectuate it." *Id.* at 405. Thus, we had appellate jurisdiction over the respondents' timely appeal.

Here, as in **Bennett**, the trial court fully granted Landlords' petition to enforce the parties' settlement agreement. In doing so, the court ruled that (1) the settlement agreement extinguished all preexisting claims between the parties, (2) the settlement superseded all prior contracts between the parties (including the lease), (3) Tenants' failure to purchase the property on January 13, 2023 was a material breach of the sales agreement, (4) Landlords properly treated that breach as grounds for terminating the sales agreement, and (5) Landlords could rightly evict Tenants from the home.

In their settlement agreement, Tenants released Landlords from "any and all debts, controversies, claims, demands, damages, actions, causes of action or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing . . . ." Settlement Agreement at 2-3. Thus, by enforcing the settlement agreement, the trial court disposed of all claims and all parties. The August 17, 2023 Order met the definition of a final order.

Tenants are incorrect that that order "was not a final order as it failed to dispose of all claims, as the claims were never defined because a Pleading was never filed by" the parties. Tenants' Response to Superior Court Show-Cause Order at 1. Tenants erroneously conflate the claims they would have brought had they filed a complaint with the claims at issue in a petition to

enforce a settlement agreement.  A lack of pleadings has no relevancy on the issue of whether an order enforcing a settlement agreement is final.

Where, as here, the parties enter a settlement agreement following the filing of a writ of summons, the causes of actions plaintiffs would have brought if they had filed a complaint, are, by the terms of the settlement agreement, released.  Thus, whatever "claims" Tenants intended as their causes of action in their would-be complaint are irrelevant at this juncture.  Upon signing the settlement agreement, the only "claims" the parties retained were "rights and obligations created by [the] settlement agreement . . . ."  Settlement Agreement at 2.  Undoubtedly, the August 17, 2023 Order fully disposed of them.  As such, that order was final and immediately appealable, and Tenants' reliance upon Rule 311(a)(2), regarding interlocutory appeals, is misplaced.

When the trial court entered its enforcement order on August 17, 2023, Tenants had 30 days in which to appeal.  Because Tenants neglected to file a timely appeal from that order, the entry of judgment by the prothonotary on December 7, 2023 was a purely ministerial act.  It did not spawn a new 30 day window in which Tenants could appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/13/2024