J-A05030-23

2023 PA SUPER 52

| | | |
|---|---|---|
| ANTHONY CRESPO AND EDWARD TORRALVO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM B. HUGHES, HUGHES AND HENSELL ASSOCIATES, INC., TEMPLE UNIVERSITY ANDTEMPLE UNIVERSITY HOSPITAL, INC. | : | |
| | : | |
| APPEAL OF: ARCH INSURANCE COMPANY | : | No. 1313 EDA 2022 |

Appeal from the Order Entered April 14, 2022,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  1207003490.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

OPINION BY KUNSELMAN, J.:                    **FILED MARCH 31, 2023**

Arch Insurance Company appeals from the order of the Court of Common Pleas of Philadelphia County dismissing as moot its motion to compel Dr. William B. Hughes, M.D. to comply with a charging order.  Because the trial court erroneously dismissed Arch's motion to compel as moot, we vacate and remand for further proceedings.

In 2016, a jury found Dr. Hughes liable to Edward Torralvo for medical malpractice and awarded Mr. Torralvo $538,000.  Dr. Hughes appealed, and this Court affirmed.  ***See Crespo v. Hughes***, 167 A.3d 168 (Pa. Super. 2017). Mr. Torralvo assigned the judgment to Arch Insurance Company.

On November 8, 2019, Arch moved to enforce the judgment against Dr. Hughes by attaching the assets of Hughes Holdings, LLC to satisfy the 2016

judgment. Dr. Hughes is the sole member of Hughes Holdings, LLC. He opposed the motion to enforce on the grounds that the assignment to Arch was invalid. On September 29, 2020, the trial court entered an order granting Arch's motion; the order charged 100% of the unsatisfied Torralvo Judgment debt to Hughes Holdings, LLC. Specially, the Charging Order (1) charged Dr. Hughes' ownership interest with the obligation to pay the judgment, (2) ordered an accounting of the financial operations of the LLC, (3) granted Arch the right to inspect the books and records of the LLC, (4) ordered Dr. Hughes to pay the LLC's incoming rents to Arch, and (5) ordered the judicial sale of the LLC through the Sheriff of Philadelphia County.

Dr. Hughes appealed. This Court unanimously affirmed. **See Crespo v. Hughes**, 2184 EDA 2020, 2021 WL 5858464 (Pa. Super. 2021) (non-precedential decision). Nevertheless, Dr. Hughes still refused to follow the Charging Order, and Arch filed a motion to compel his performance.

The trial court assigned The Honorable Edward C. Wright to hear Arch's motion to compel. On March 22, 2022, he recused without explanation.

The court reassigned the motion to The Honorable Linda A. Carpenter. Three weeks later, Judge Carpenter, *sua sponte*, issued an order denying the motion, because "the Court who issued the Order of September 29, 2020 has recused itself and has refrained from entering sanctions, this Motion is MOOT." Trial Court Order, 4/14/22, at 1. This timely appeal followed.

**I.**

After receiving Arch's notice of appeal and docketing statement, this Court issued a show-cause order. We questioned whether the appealed-from order was a collateral order, as Arch had asserted in its docketing statement. **See** Superior Court Order, 7/19/22, at 1. Arch filed a timely reply, and this Court discharged the show-cause order and deferred the question of appellate jurisdiction to us.

"The establishment of jurisdiction is of equal importance as the establishment of a meritorious claim for relief." **Robinson v. Pennsylvania Bd. of Probation & Parole**, 582 A.2d 857, 860 (Pa. 1990). This Court "may always consider that question on our own motion." **Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*).

A jurisdictional issue presents us with "a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." **Id.**

This Court's appellate jurisdiction extends to "(1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order." **Chase Manhattan Mortgage Corp. v. Hodes**, 784 A.2d 144, 144 (Pa. Super. 2001).

Dr. Hughes spends a great deal of time in his brief arguing that the appealed-from order is not the second, third, and fourth type of appealable orders. **See** Hughes' Brief at 17-28. However, he defines, but thereafter ignores, the first and most common type of appealable order – *i.e.*, the final order. **See id.** at 17.

- 3 -

The Pennsylvania Rules of Appellate Procedure define a "final order" as an order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b)(1).

When Arch filed its motion to compel Dr. Hughes to comply with the September 29, 2020 Charging Order, all other claims were no longer pending, and all other parties were no longer participating in this matter. The only claim before the trial court was Arch's motion to compel. When the trial court issued its order dismissing Arch's motion as moot, the order therefore disposed of "all claims and of all parties." Pa.R.A.P. 341(b)(1).

Accordingly, we hold that the appealed-from order is a final order. "[A]n appeal may be taken as of right from any final order of a . . . trial court." Pa.R.A.P. 341(a). Thus, we have appellate jurisdiction.

**II.**

Turning to the merits of the appeal, Arch raises eight issues as follows:

1. Whether the trial court erred in denying Arch's motion to compel as moot.

2. Whether the trial court erred in denying Arch's motion to compel based upon the previous trial judge's recusal from the case.

3. Whether the trial court erred in failing to enforce the judgment against [Dr.] Hughes, which was affirmed on appeal.

4. Whether the trial court erred in failing to enforce the Charging Order, which was affirmed on appeal.

5. Whether the trial court erred in ruling that the previous judge's recusal rendered Arch's pending motion moot, where [Judge Wright] refrained from ruling on the motion . . .

- 4 -

6.    Whether the trial court erred in denying Arch's motion to compel on the basis that a judicial recusal renders all pending motions before that judge moot, as opposed to finding that a judicial recusal means that another judicial officer of the same court shall be assigned to consider and decide the merits of the pending motion.

7.    Whether the trial court erred in denying Arch's motion to compel, because a manifest injustice will result in that [Dr.] Hughes continues to violate the terms of the Charging Order, which was affirmed on appeal and remains in effect.

8.    Whether the trial court erred in denying Arch's motion to compel, because Arch will be left with no way to enforce its judgment against [Dr.] Hughes or the Charging Order, which was affirmed on appeal and remains in effect.

Arch's Brief at 5-7.  We address all of Arch's issues simultaneously, because they are all interrelated and meritorious.

Arch contends the trial court erroneously dismissed its motion to compel as moot.  According to the trial court it determined that the motion was moot, because Judge Wright, "who issued the Order of September 29, 2020 has recused [him]self and has refrained from entering sanctions . . . ." Trial Court Order, 4/14/22, at 1.

"Mootness, like standing, is a question of law . . ." ***Estate of Crowder***, 262 A.3d 549 (Pa. Super. 2021).  "Therefore, our scope of review is plenary; our standard is *de novo*." ***Commonwealth v. Mauk***, 185 A.3d 406, 409 (Pa. Super. 2018).

"As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot." ***In re M.B.***, 101 A.3d 124, 127 (Pa. Super. 2014), *quoting* ***In re D.A.***, 801 A.2d 614, 616 (Pa.

Super. 2002). "An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." ***Printed Image of York, Inc. v. Mifflin Press, Ltd.***, 133 A.3d 55, 59 (Pa. Super. 2016).

It is undeniably clear that Arch and Dr. Hughes are actively fighting over who will own Hughes Holdings, LLC and control the profits from that business. Thus, an actual controversy exists. Moreover, if the trial court enters an order compelling Dr. Hughes to comply with the Charging Order on pain of civil contempt, such an order will have a real effect on resolving the controversy.

Recusal by a trial judge does nothing to change these basic, underlying facts. Indeed, if recusal by one member of the judiciary could render a party's claim moot, a miscarriage of justice would result, because the recusal would deprive the aggrieved party of its constitutionally guaranteed judicial remedy.

The ancient maxim holds: "for every wrong, a remedy." ***Guardians Assoc. v. Civil Serv. Comm'n of City of New York***, 463 U.S. 582, 626, (1983) (Marshall, J. dissenting). "An injury is a wrong; and for the redress of every wrong there is a remedy: a wrong is a violation of one's right; and for the vindication of every right there is a remedy." ***Speck v. Finegold***, 439 A.2d 110, 116 (Pa. 1981). Once a cause of action accrues, it becomes "a vested right, which under Article 1, § 11 [of the Constitution of the Commonwealth of Pennsylvania], may not be eliminated by subsequent legislation." ***Ieropoli v. AC&S Corp.***, 842 A.2d 919, 930 (Pa. 2004).

According to our constitution, "every man for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law, and right and justice administered without sale, denial, or delay." Pa. Const. art. I, § 11. So precious is one's constitutional right to pursue a judicial remedy that the right of access to the courts trumps the recusal doctrine when necessary.

For example, in **Stilp v. Commonwealth**, 905 A.2d 918, 929 (Pa. 2006), the legislature passed a bill raising the pay of the judiciary and other state officials. When public opinion pressured the General Assembly to repeal the pay raises, it passed another bill doing just that. A group of trial judges sued the Commonwealth, the leaders of the General Assembly, and various members of the Executive Branch. The trial judges sought to have the bill repealing of their pay raise declared unconstitutional under Article V, § 16(a) of the Constitution of the Commonwealth of Pennsylvania.[1]

Because the repealing bill also reduced the salaries of the Justices of Pennsylvania, the Justices had identical interests in the outcome of a lawsuit as the plaintiff judges. Normally, they would have had to recuse themselves. However, had they done so, there would have been no other judicial officers

---

[1] "Justices, judges and justices of the peace [now magisterial district judges] shall be compensated by the Commonwealth as provided by law. Their compensation shall not be diminished during their terms of office, unless by law applying generally to all salaried officers of the Commonwealth." Pa. Const. art. V, § 16(a).

left in Pennsylvania to sit as temporary Justices, because every judge of the inferior courts faced the same conflict of interest as the Justices.

Even where every Justice and judge in the Commonwealth would have normally had to recuse themselves, the Supreme Court did not dismiss the case as moot. Instead, "the long-recognized common law 'rule of necessity' require[d the Supreme] Court to proceed to discharge its constitutional duty, notwithstanding any interest in the outcome." **Stilp v. Commonwealth**, 905 A.2d 918, 929 (Pa. 2006).

"The true rule unquestionably is that wherever it becomes necessary for a judge to sit, even where [the judge] has an interest — where no provision is made for calling another in, or where no one else can take [the judge's] place — it is [the judge's] duty to hear and decide, however disagreeable it may be." **Id.** (quoting **United States v. Will**, 449 U.S. 200, 214, (1980); **Philadelphia v. Fox**, 64 Pa. 169, 185 (1870)).

Thus, even if **every judge** in Pennsylvania were conflicted and would normally have to recuse from Arch's case, the motion to compel would still not be rendered moot. One judge would have to undertake the constitutional duty to hear and to decide the motion to compel. Clearly, then, the nearly 100 unconflicted judges of the Court of Common Pleas of Philadelphia are duty bound to hear and to decide this case. One of them must rule upon the merits of Arch's motion to compel Dr. Hughes' performance of the Charging Order, in the first instance.

Hence, Judge Wright's recusal did not render this case moot. Arch's constitutional right to proceed and to collect on its judgment is too important to countenance such a result. This matter remains ripe to decide the motion to compel Dr. Hughes' compliance with the Charging Order. We therefore remand this case for the trial court to rule upon the merits of the motion to compel.

Order vacated. Case remanded for further proceedings consistent with this Opinion.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/31/2023