J-A28008-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ALICIA D. FORBES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY J. FORBES, JR. | : | |
| | : | |
| Appellant | : | No. 1224 EDA 2023 |

Appeal from the Order Entered May 15, 2023
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): 21-07077,
PACSES: 258301062

BEFORE:   OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 20, 2024**

Appellant, Timothy J. Forbes, Jr. (Father) appeals *pro se* from the order entered on May 15, 2023, dismissing his motion for special relief in this child support matter.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  On September 14, 2021, Alicia D. Forbes (Mother) filed a complaint for child support against Father for the parties' four minor children who were between the age of three and 17 at the time.  A telephonic support conference was convened on March 3, 2022, during which Father participated briefly.  On March 10, 2022, the trial court entered an interim support order directing Father to pay Mother $1,525.76 per month in child support, plus $153.57 per month in arrears.   The trial court entered a final order on March 31, 2022,

_____

[*] Retired Senior Judge assigned to the Superior Court.

adopting the provisions of its interim order. On August 19, 2022, the trial court entered an order of contempt against Father for, *inter alia*, failure to pay support as ordered. On September 6, 2022, Father filed a motion to dismiss. On September 22, 2022, the trial court entered an order which held Father in civil contempt and sentenced Father to 30 days of incarceration, but provided that Father could purge contempt upon an immediate payment of $3,000.00. On December 9, 2022, Father filed, *pro se*, an answer to the complaint for child support. On December 13, 2022, the trial court entered two separate orders directing Father's employer to withhold income for his child support obligation and also increasing Father's monthly arrears by 25%. On January 27, 2023, Father filed a *pro se* motion to vacate the trial court's March 31, 2022 final support order, arguing that he did not receive proper notice of Mother's complaint for support or the trial court's subsequent orders. On February 16, 2023, the trial court entered an order scheduling a hearing for May 15, 2023. On February 17, 2023, the trial court entered an order to terminate employer income withholding. On May 15, 2023, the trial court held a hearing on Father's January 27, 2023 motion. The trial court denied relief by order entered the same day. On May 15, 2023, Father filed a *pro se* petition for reconsideration of the support order which the trial court later denied on June 2, 2023. On May 16, 2023, Father filed a *pro se* notice of appeal and corresponding concise statement of matters complained of on appeal pursuant

to Pa.R.A.P. 1925(a)(2)(i).[1]  The trial court issued an opinion pursuant to

Pa.R.A.P. 1925(a) on July 25, 2023.[2]

On appeal *pro se*, Father presents the following issues for our review:

1. Were [Father's] due process rights and protections upheld through Pennsylvania and federal law?

2. Has the trial judge correctly applied the standards regarding timely notice and complete proof of service for original process that would have invoked the court's personal jurisdiction?

_____

[1]  We recognize that, after his appeal was taken, Father also filed an answer to contempt on May 16, 2023, as well as a petition for modification of an existing support order on May 17, 2023.  Because the trial court did not expressly grant Father's request for reconsideration, it was divested of jurisdiction by the notice of appeal, and, therefore, the trial court correctly did not rule on these filings.  *See* Pa.R.A.P. 1701(a) and (b)(3)(i)-(ii).

[2]  We note that the trial court urges this Court to quash the appeal as untimely.  *See* Trial Court Opinion, 7/25/2023, at 6.  The trial court claims that the interim support order entered on March 10, 2022, became final on March 31, 2022 when Father failed to request a *de novo* hearing within 20 days pursuant to Pa.R.C.P. 1910.11(h) and that Father had 30 days from that date to appeal the trial court's determination.  *Id.*  As such, the trial court concludes that Father's motion to vacate filed on January 27, 2023 "approximately ten months later" was untimely.  *Id.*  However, upon our review of the record, we disagree.  Here, there was no formal final order entered on the record, the March 10, 2022 interim order does not instruct Father regarding a request for a *de novo* hearing or state that the interim order would become final by a date certain, and the trial court failed to give notice of the entry of the order as required by Pa.R.C.P. 236.  *See Carr v. Michuck*, 234 A.3d 797, 805-806 (Pa. Super. 2020) (holding that an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given under Rule 236, Rule 236 is a bright-line rule that is to be interpreted strictly, and failure to comply is a breakdown in the court operations).  As such, we decline to quash the appeal.

3. Was [Father] barred from appealing the income withholding order?[3]

Father's *Pro Se* Brief, at 3-4 (some capitalization omitted).

Father's issues are interrelated and we will examine them together. Father argues that his "procedural [d]ue [p]rocess rights were violated when the [trial c]ourt allowed legal action to proceed with a defective service of process." *Id.* at 13; *see also id.* at 15 ("Due [p]rocess requires that litigants receive notice of the issues before the court and an opportunity to present their cases in relation to those issues."). Father contends that he did not receive personal service or proper notice of the March 3, 2022 support hearing and "only discovered that there was a hearing [on Mother's complaint for support] after receiving an email [from the court] five days before a scheduled teleconference." *Id.* at 16; *see also id.* at 20 ("Email is not an acceptable method for service or original process in domestic relations matters."); *see also id.* at 24 ("Leaving a writ in a mailbox at an incorrect address is not complete service."). Father maintains that "[i]f there is no valid service of initial process, a court lacks personal jurisdiction over a party and is powerless to enter judgment." *Id.* at 27 (citation omitted). As such, Father contends that the trial court's determinations are null and void. *Id.* at 29.

---

[3] To the extent that Father challenges the income withholding order entered on December 13, 2022, when he asserts that he was denied the ability to appeal that determination, as detailed above, the trial court entered a subsequent order on February 17, 2023 terminating income attachment. As such, any challenge to income withholding is rendered moot. *See Crespo v. Hughes*, 292 A.3d 612, 617 (Pa. Super. 2023) ("An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.").

We adhere to the following legal standards:

A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of review is plenary. Due process requires that the litigants receive notice of the issues before the court and an opportunity to present their case in relation to those issues. It is well settled that procedural due process requires, at its core, adequate notice, opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. Significantly, the in-court presentation of evidence is a fundamental component of due process. In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses.

*Int. of S.L.*, 202 A.3d 723, 729 (Pa. Super. 2019) (internal citations, quotations and original brackets omitted).

Moreover, our Supreme Court has held:

It is settled that notice is a fundamental requirement of due process, for a proceeding to be respected as final. Notice is deemed adequate when it is reasonably calculated to inform a party of the pending action and provides the party an opportunity to present objections to the action.

\*　　　\*　　　\*

On several occasions, [our Supreme] Court has explored the specific notice requirements demanded by due process. [The Court has] explained that the approach to determining what notice is adequate must be flexible and non-technical. Furthermore, [our Supreme Court has] noted that due process does not confer upon an individual the right to be deliberately obtuse to the nature of a proceeding.

*Wilkes ex rel. Mason v. Phoenix Home Life Mut. Ins. Co.*, 902 A.2d 366, 383 (Pa. 2006) (internal citations omitted); *see also Captline v. County of Allegheny*, 718 A.2d 273, 275 (Pa. 1998) (citations omitted) ("Due process

requires only that a party be provided an opportunity to be heard; it does not confer an absolute right to be heard."). Finally, pursuant to the rule setting forth service of original process in domestic relations matters, Pa.R.C.P. 1930.4(i), "[a] party appearing for a hearing or conference will be deemed to have been served." Pa.R.C.P. 1930.4(i).

Here, Father admits that, on February 22, 2022, he received an email five days in advance of the March 3, 2022 telephonic hearing on Mother's support complaint. Father's *Pro Se* Brief at 16; **see also** N.T., 5/15/2023, at 26-27 ("I received an email on the 24th of February … 2022 [stating,] 'You may have already received notice for [you] to appear from [the] Domestic Relations office that manages your child support case … scheduled for a conference on Thursday, March 3, 2022 … at 10:45 [a.m.], remote teleconference.'"). Father further admits that he received a telephone call for the remote teleconference on March 3, 2022, at approximately the same time detailed in the earlier email, but "notified this caller that aside from the email a few days earlier, he had not received any notice regarding this topic and did not consent to a hearing by telephone." Father's *Pro Se* Brief at 6. Thus, the trial court found that Father briefly appeared at the hearing but declined to participate further after citing concerns with notice and service. Father offers nothing to refute these findings and, in fact, he admits their accuracy.

The trial court determined that Father received notice that Mother filed a complaint for support and that Father appeared for the scheduled

teleconference. *See* Trial Court Opinion, 7/25/2023, at 9. Under these circumstances and prevailing law, we deem Father to have been served with notice of the support proceeding once he appeared for the teleconference. *See* Pa.R.C.P. 1930.4(i). Furthermore, under the facts relied upon by the trial court, we emphasize that Father did not have an absolute right to be heard, but also failed to properly avail himself of the opportunity provided.[4] Accordingly, we discern no due process violation and Father is not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2024

---

[4] Finally, we note that Father concedes that between February 25, 2022 and February 28, 2022, he spoke with a hearing officer and "in good faith gave [the trial court] a current address and [tele]phone number." Father's *Pro Se* Brief, at 5-6; *see also* N.T., 5/15/2023, at 15 ("As far as I know, you have my address. I mean, they definitely have it now."). The record shows that trial court had correct information to effectuate service of notice for the subsequent trial court hearings, determinations, and orders and Father does not currently challenge any of those rulings aside from the initial child support decision.