J-S22038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                                        :

                           v.                  :
                                        :
                                        :

MOHAMMED BABA BAYOH         :
                                        :

                Appellant         :      No. 1362 MDA 2024

Appeal from the Judgment of Sentence Entered April 18, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000085-2023

BEFORE:   LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: AUGUST 13, 2025**

Mohammed Baba Bayoh appeals from the April 18, 2024 aggregate judgment of sentence of 5 to 10 years' imprisonment, followed by 5 years' probation, imposed after he was found guilty in a bench trial of persons not to possess, use, manufacture, control, sell or transfer firearms, possession of a controlled substance, and possession with intent to distribute a controlled substance ("PWID").[1]  After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case as follows:

> On September 13, 2022, narcotics agents from the
> Pennsylvania office executed a search warrant for the

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1) and 35 P.S. § 780-113(a)(16) and (a)(30), respectively.

residence located at 1026 Pear Street Reading Berks County Pennsylvania as part of an investigation of the co-defendant Day-Vionce Sanders. [Appellant] was present in the home at the time of the execution of the search warrant. In the crawlspace of the home near the bathroom, a black Adidas nylon bag was recovered. The bag contained a 9mm pistol, two forms of picture identification for [Appellant] (a Pennsylvania identification card and a medical marijuana card). A .40 caliber Glock pistol and a .45 Glock pistol were also found in the crawlspace along with a large Foodsaver vacuum sealed bag with approximately 442g of methamphetamine. Photographs of the location of these items were admitted as Commonwealth exhibits 1 through 6. From the second floor front bedroom had a bathroom, the identification of the co-defendant, Mr. Sanders, a scale and as small amount of currency were also recovered.

The drugs, packaging and the three pistols were sent to the forensics unit for processing. [Appellant's] fingerprint was found on the Foodsaver vacuum sealed bag containing the methamphetamine.

Trial court opinion, 12/10/24 at 2-3 (citations omitted).[2]

Appellant waived his right to a jury and proceeded to a bench trial before the Honorable Thomas G. Parisi on April 18, 2024. Following a one-day trial, Appellant was found guilty of the aforementioned offenses. As noted, Appellant was sentenced to an aggregate term of 5 to 10 years' imprisonment, followed by 5 years' probation, that same day. On April 25, 2024, Appellant filed a timely post-sentence motion challenging the weight and sufficiency of

---

[2] The trial court opinion does not contain pagination. For the ease of our discussion we have assigned each page a corresponding number.

the evidence and requesting modification of his sentence. Following a hearing, the trial court ultimately denied Appellant's post-sentence motion on August 20, 2024. This timely appeal followed on September 12, 2024.[3]

Appellant raises the following issues for our review:

1. [Whether t]he evidence was insufficient to establish [Appellant's] guilt on all counts charged in this case[?]

2. [Whether t]he verdict with respect to all counts was against the weight of evidence as it relied on circumstantial evidence alone[?]

3. [Whether t]he application of 61 Pa.C.S.A. § 6137.2 is unconstitutional as it deprives the court of its discretion when fashioning and appropriate sentence and applies an additional term of supervision without there being a finding of facts or basis justifying the application of the additional term of supervision[?]

Appellant's brief at 9 (extraneous capitalization omitted).

## I. Sufficiency of the Evidence

In his first claim, Appellant baldly contends that "the evidence was insufficient to establish [his] guilt on counts 1, 2 and 3 of the information." *Id.* at 21.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt. As an

---

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder. Any question of doubt is for the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Thomas*, 988 A.2d 669, 670 (Pa.Super. 2009) (citations omitted), *appeal denied*, 4 A.3d 1054 (Pa. 2010).

Prior to our consideration of the merits, we must first determine whether Appellant has properly preserved his sufficiency claim for appellate review. Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P.1925(b)(4)(vii). It is well settled that,

[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, **an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient.** Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

*Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa.Super. 2013) (citations and internal quotation marks omitted; emphasis added); *see also Commonwealth v. LeClair*, 236 A.3d 71, 76 (Pa.Super. 2020) (same), *appeal denied*, 244 A.3d 1222 (Pa. 2021).

Here, our review establishes that Appellant's Rule 1925(b) statement fails to identify any of the specific elements of unlawful possession of a firearm, possession of a controlled substance, or PWID that the Commonwealth failed to prove. On the contrary, Appellant identified the following generic sufficiency of the evidence issue in his Rule 1925(b) statement:

> The evidence was insufficient to establish [Appellant's] guilt on all Counts charged in this case.

Concise Statement of Errors Complained of on Appeal, 10/8/24 at 1.

Appellant's Rule 1925(b) statement makes no mention whatsoever of Sections 6105(a)(1), 780-113(a)(16), and 780-113(a)(30), nor does it reference the controlled substances or firearms found at the residence. *Id.* Accordingly, because Appellant has failed to identify the specific elements of his sufficiency claim in his Rule 1925 statement, he has waived his challenge to the sufficiency of the evidence.

## II. Weight of the Evidence

Appellant next argues that the verdict was against the weight of the evidence. Appellant's brief at 33-38. "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." *Commonwealth v. Galvin*, 985 A.2d 783, 793 (Pa. 2009) (citation omitted), *cert. denied*, 559 U.S. 1051 (2010). "[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but

questions which evidence is to be believed." ***Commonwealth v. Miller***, 172 A.3d 632, 643 (Pa.Super. 2017) (citation omitted), ***appeal denied***, 183 A.3d 970 (Pa. 2018).

> [W]here the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Shaffer***, 40 A.3d 1250, 1253 (Pa.Super. 2012) (citation omitted).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.
>
> . . . .
>
> Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (citations and emphasis omitted).

Instantly, we find that the trial court properly exercised its discretion in concluding that the verdict was not against the weight of the evidence. "[T]he

trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Andrulewicz*, 911 A.2d 162, 165 (Pa.Super. 2006) (citation omitted), *appeal denied*, 926 A.2d 972 (Pa. 2007).

Here, the trial court, sitting as factfinder, found the testimony of the Commonwealth witnesses credible, and elected not to believe Appellant's version of the events. *See* trial court opinion, 12/10/24 at 5-6. Appellant essentially asks us to reassess the trial court's credibility determinations. We are precluded from reweighing the evidence and substituting our judgment for that of the factfinder. *Clay*, 64 A.3d at 1055. Accordingly, Appellant's weight claim must fail.

## III. Constitutionality of 61 Pa.C.S.A. § 6137.2

Appellant also argues that the trial court's application of Section 6137.2[4] to this matter was unconstitutional because it inappropriately transfers

---

[4] Section 6137.2 provides, in relevant part, as follows:

> **(a) General rule.--**This section applies to persons committed to the department with an aggregate minimum sentence of total confinement under 42 Pa.C.S. § 9756(b) (relating to sentence of total confinement) of 4 years or more. Regardless of the sentence imposed, this section does not apply to persons sentenced to death, life imprisonment, persons otherwise ineligible for parole or persons subject to 42 Pa.C.S. § 9718.5 (relating to mandatory period of probation for certain sexual offenders).

*(Footnote Continued Next Page)*

sentencing authority to the Pennsylvania Board of Probation and Parole and "violates an individual's right to procedural due process at sentencing." Appellant's brief at 38-45.

Upon review, we agree with the trial court that Appellant's claim is moot, as the sentencing order reveals that – contrary to Appellant's contention – the additional period of supervision called for under Section 6137.2 was never imposed by the trial court. **See** sentencing order (count 1), 4/18/24; **see also** trial court opinion, 12/10/24 at 6-7. "An issue before a court is moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." **Crespo v. Hughes**, 292 A.3d 612, 617 (Pa.Super. 2023) (citation omitted). As a result, the matter is moot and incapable of review.

For all the foregoing reasons, we affirm the trial court's April 18, 2024 judgment of sentence.

_____

> **(b) Reentry supervision.--**Any person under subsection (a) shall be sentenced to a period of reentry supervision of 12 months consecutive to and in addition to any other lawful sentence issued by the court.

61 Pa.C.S.A. § 6137.2(a) and (b).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/13/2025