J-A01021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BINSWANGER MANAGEMENT CORPORATION AND BINSWANGER OF PENNSYLVANIA, INC. | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| MATTHEW PAUL SIGEL; WESTFIELD REAL ESTATE, LLC; AY COMMERCIAL, LP; AND 300 BROOKSIDE, LLC | : : : : : | |
| Appellants | : | No. 3269 EDA 2024 |

Appeal from the Order Entered November 5, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 200901327

BEFORE: DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 30, 2025**

Matthew Paul Sigel; Westfield Real Estate, LLC; AY Commercial, LP; and 300 Brookside, LLC (collectively, "Mr. Sigel and his business entities") appeal from the order denying their untimely petition for attorneys' fees. Because the trial court had no jurisdiction over their untimely petition, we affirm.

In 2019, Binswanger Management Corporation and Binswanger of Pennsylvania, Inc. (collectively "Binswanger") and Marcus Policarpo signed a Separation/Confidentiality Agreement. *See* Sigel's Petition for Attorneys' Fees, Ex. A at 1. That contract contained a mutual release from liability and a fee-shifting clause. *Id.* at 4-5. The following year, Binswanger sued Mr. Sigel and his business entities. Binswanger alleged they conspired with Mr. Policarpo to breach his fiduciary duties to Binswanger. *See* Complaint at 2.

Then, Mr. Policarpo sued Binswanger for breach of their contract. He brought wage-and-hour claims and sought $80,715.26 in commissions. *See Policarpo v. Binswanger of Pennsylvania, Inc.*, 01567-2021 (C.C.P. Philadelphia 2021). Binswanger counterclaimed against Mr. Policarpo for breaching fiduciary duties while he was still in their employment. Mr. Sigel and his business entities were not parties in *Policarpo*.

Nevertheless, they and Mr. Policarpo moved for consolidation. The trial court granted their motion. After discovery closed, Mr. Policarpo, Mr. Sigel, and his business entities sought summary judgment.

On May 21, 2024, the trial court docketed an order granting summary judgment to Mr. Sigel and his business entities. In that same order, it denied summary judgment to Mr. Policarpo on his claims against Binswanger but granted him summary judgment on Binswanger's counterclaims. The court ruled that the release in the Separation/Confidentiality Agreement barred Binswanger's counterclaims against Mr. Policarpo.

Thirty-eight days later, on June 28, 2024, Mr. Sigel and his business entities petitioned for attorneys' fees against Binswanger. Eventually, the trial court denied the petition on its merits. Mr. Sigel and his business entities appealed from that order.

In its Rule 1925(a) Opinion, the trial court challenges our appellate jurisdiction, because it believes that its order partially granting and partially denying summary judgment was not final. The trial court opined as follows:

> Under Pa.R.A.P. 341, a final order in a civil action can be one that disposes of all the parties and all the claims or is entered as a final order pursuant to the trial court's determination under Rule 341(c). Pa.R.A.P. 341(b)(1)-(4). While the May 20, 2024 Order granted summary judgment in favor of [Mr. Sigel and his business entities] and against Binswanger in the **Binswanger** action, the case is not over because claims remain to be tried in the consolidated **Policarpo** action . . . .

Trial Court Opinion, 3/17/25, at 3.

Mr. Sigel and his business entities disagree with the trial court. They claim, "the trial court's May 20, 2024 Order granting summary judgment to [them] is a final order" in **Binswanger**. Sigel's Brief at 22 (capitalization omitted). We agree with Mr. Sigel and his business entities that the order was a final order in this matter.

The "appealability of an order goes to the appellate court's jurisdiction . . . ." **Williams v. Williams**, 385 A.2d 422, 423 (Pa. Super. 1978) (*en banc*). Jurisdiction is "a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." **Crespo v. Hughes**, 292 A.3d 612, 615 (Pa. Super. 2023).

"This Court's appellate jurisdiction extends to (1) a final order or an order certified by the trial court as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; (4) or a collateral order." **Id.** at 615-16; **see also McCutcheon v. Philadelphia Elec. Co.**, 788 A.2d 345, 349 (Pa. 2002); **and** Pa.R.A.P. 341(b)(1).

In this appeal, the only possible basis for our jurisdiction is the finality of the order granting Mr. Sigel and his business entities summary judgment.

- 3 -

"A final order is one that disposes of all claims and all parties." ***Whittaker v. Lu***, 323 A.3d 871, 875 (Pa. Super. 2024) (quoting Pa.R.A.P. 341(b)).

If cases are consolidated and if the trial court completely resolves one of them at summary judgment, the order is final in the resolved case, ***provided that*** there are differing party identities between the consolidated cases. In ***Malanchuk v. Tsimura***, 137 A.3d 1283, 1284 (Pa. 2016), a plaintiff sued the owner of land for premise liability. He later filed a second lawsuit, arising from the same transaction, against another individual for negligence. The trial court consolidated the two cases.

After discovery closed, the court granted summary judgment to the defendant in the second suit but not in the first suit. The plaintiff filed a notice of appeal from the order granting and denying summary judgment in the docket of his second lawsuit.

A panel majority of this Court held that consolidated actions, which lack complete identity of parties, do not merge into one action for purposes of finality. Hence, the panel majority reached the merits of the appeal, reversed the grant of summary judgment, and remanded for trial. A dissenting judge was of the opinion that the actions had merged upon consolidation, and, therefore, the order granting partial summary judgment was not final.

We reheard the appeal *en banc*. The *en banc* majority quashed, based on the reasoning that the trial court advanced for quashing the appeal.

The Supreme Court granted plaintiff's allowance of appeal and reversed our decision to quash. The High Court explained that:

- 4 -

complete consolidation (or merger or fusion of actions) does not occur absent a complete identity of parties and claims; separate actions lacking such overlap retain their separate identities and require distinct judgments; these principles pertain equally to appealability determinations; and they continue to operate even in the face of an order purporting to consolidate the actions "for all purposes."

Presently, [because] complete consolidation did not occur, the common pleas court's order awarding summary judgment in favor of [the defendant] was a final one as to the [second] case.

*Id.* at 1288-89.

As in **Malanchuk**, the **Binswanger** and **Policarpo** cases do not share complete identity of parties or claims. Mr. Sigel and his business entities are not parties to **Policarpo**, and Mr. Policarpo is not a party to **Binswanger**. Therefore, under **Malanchuk**, the trial court's order of consolidation could not merge the separate lawsuits into one action. Accordingly, we view the entry of summary judgment separately for each lawsuit.

Because the trial court's May 20, 2024 Order disposed of all claims and all parties in **Binswanger**, it was a final order as to that case. When the trial court entered that final order in **Binswanger**, the trial court severed the consolidated cases by an operation of law for all purposes, including appeals. Accordingly, the trial court's suggestion that we quash Mr. Sigel's and his business entities' appeal is erroneous.

Our appellate jurisdiction over **Binswanger** is vested. However, this conclusion does not end our jurisdictional inquiry. In fact, the very finality of

the May 20, 2024 Order (for which Mr. Sigel and his business entities have so persuasively argued) is fatal to their petition for attorneys' fees.

In *Szwerc v. Lehigh Valley Health Network, Inc.*, 235 A.3d 331, 336 (Pa. Super. 2020), this Court held that a petition for attorneys' fees must be filed within 30 days of the final order for which the prevailing parties seek attorneys' fees. This is because, after the 30-day appellate period following entry of a final order expires, the case is closed. At that point, the trial court loses jurisdiction over the case, by dictate of the legislature.

As the *Szwerc* Court made clear:

> Section 5505 of the Judicial Code sets forth the jurisdictional window of time in which trial courts retain jurisdiction after entry of a final order:
>
> **§ 5505. Modification of orders**
>
> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.
>
> 42 Pa.C.S.A. § 5505.
>
> Pursuant to Section 5505, "a trial court's jurisdiction generally extends for 30 days after the entry of a final order. After the 30-day time period, the trial court is divested of jurisdiction." *Freidenbloom v. Weyant*, 814 A.2d 1253, 1255 (Pa. Super. 2003) . . . Where the litigant files a motion for counsel fees under Section 2503 after entry of a final order, Section 5505 requires the litigant to do so within 30 days of the entry of a final order; the trial court lacks jurisdiction to consider a fee motion filed beyond the 30-day period. *See Freidenbloom, supra* (vacating as nullity trial court order granting Section 2503 motion for counsel fees filed 36 days after final order).

Relatedly, Pennsylvania Rule of Appellate Procedure 1701 enumerates the actions a trial court has authority to perform once a litigant initiates an appeal:

**Rule 1701. Effect of Appeal Generally**

**(a) General rule**. Except as otherwise prescribed by these rules, after an appeal is taken . . ., the trial court . . . may no longer proceed further in the matter.

**(b) Authority of a trial court or agency after appeal**. After an appeal is taken . . ., the trial court . . . may:

(1) Take such action as may be necessary to preserve the *status quo*, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal *in forma pauperis*, grant *supersedeas*, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

Pa.R.A.P. 1701(a), (b)(1). A petition for counsel fees under Section 2503 "is not a separate suit for fees, but rather, a matter that is connected but ancillary to the underlying action." ***Miller Elec. Co.*** . . . 907 A.2d at 1057. "Therefore, if the petition for counsel fees is ***timely filed***, the trial court is empowered to act on it under Rule 1701(b)(1) after an appeal was taken." ***Samuel-Bassett v. Kia Motors America, Inc.***, 613 Pa. 371, 450, 34 A.3d 1, 48 (2011), *cert. denied*, 567 U.S. 935 (2012) (emphasis added).

*Id.* at 336 (emphasis in original) (some punctuation omitted).

"That either party could have appealed [during the 30-day period] did not impede [the prevailing party's] ability to file and the trial court's authority to consider a timely motion for attorneys' fees." *Id.* at 339. "Furthermore, judicial policy requires finality in proceedings and cannot permit a litigant to prolong the case indefinitely by filing a motion for attorneys' fees at any time."

*Id.* Because the prevailing party did not petition for attorneys' fees within the 30-day window after entry of the final order in *Szwerc*, we deemed the petition untimely and held that the trial court lacked jurisdiction over it.

Here, Mr. Sigel and his business entities filed their petition for attorneys' fees 38 days after the trial court docketed its final order in *Binswanger*. Therefore, their petition was facially untimely.

Hence, the trial court mistakenly reached and decided the merits of the petition. Nevertheless, the trial court denied them relief. We affirm that denial, because the trial court lacked jurisdiction over the petition.

Order affirmed. The prothonotary is directed to remove this case from the January 2026 (A01) oral argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2025